CHARLES H. TRAISER & another *vs.* J. W. DOTY CIGAR COMPANY & another.

Suffolk.    January 15, 1908. — April 3, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Jurisdiction*, In trademark cases.   *Equity Jurisdiction*, To restrain infringement of trademark.   *Trademark.*

The federal courts have not exclusive jurisdiction of all matters pertaining to trademarks registered in accordance with U. S. St. 1905, c. 592.

The courts of this Commonwealth have jurisdiction in equity of a suit by the owner of a trademark, whether such trademark is or is not registered under U. S. St. 1905, c. 592, to restrain an alleged infringement through the use by the defendant of another trademark, which is so registered.

BILL IN EQUITY filed in the Superior Court for the county of Suffolk October 21, 1907, to restrain the defendants from infringing a trademark of the plaintiffs. The defendants filed a plea to the jurisdiction, as stated in the opinion.

There was a hearing on the plea before *Richardson*, J., who overruled it and, the defendants appealing, reported the case to this court, the parties agreeing that, if it shall be determined that the court had jurisdiction of the subject matter, a permanent injunction should issue in accordance with the prayer of the bill; and, if it should be determined that the court had not jurisdiction of the subject matter, the bill should be dismissed.

*J. E. Galvin*, for the defendants.

*G. L. Huntress*, for the plaintiffs.

RUGG, J. This is a bill in equity, which seeks to restrain the defendants from the use of the words " Peep In " as a trademark for cigars on the ground that they are an infringement of the trademark " Pippin," which is the property of the plaintiffs.

The defendants filed a plea to the jurisdiction, alleging that one of them had registered with the commissioner of patents of the United States the words "Peep In" to be used for cigars in accordance with an act of Congress approved February 20, 1905, (U. S. St. 1905, c. 592,) and had received therefor a certificate of registration, and hence that exclusive jurisdiction of all matters pertaining to this trademark and its validity was vested in the Courts of the United States. In the Superior Court this plea was overruled. The question presented is whether, when one has registered a trademark under the federal statute, he is immune from litigation as to his title to the trademark so registered in the State courts, in cases where they would otherwise have jurisdiction. In the *Trade-Mark Cases*, 100 U. S. 82, at p. 92, it is said, " The right to adopt or use a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons, has been long recognized by the common law and the chancery courts of England and of this country, and by the statutes of some of the States. It is a property right for the violation of which damages may be recovered in an action at law, and the continued violation of it will be enjoined by a court of equity. . . . This exclusive right was not created by act of Congress and does not now depend upon it for its enforcement. The whole system of trade mark property and the civil remedies for its protection existed long anterior to that act, and have remained in full force since its passage." The statute there under discussion was held unconstitutional. But soon after this decision Congress passed an act approved March 3, 1881, (U. S. St. 1881, c. 138,) respecting trademarks upon goods, the subject of commerce with foreign nations and Indian tribes, and, by the recent act above cited, it has legislated, in addition, as to trademarks upon goods employed in interstate commerce. Both of the later acts contain this provision, being § 10 of the former and § 23 of the latter act: " Nothing in this act shall prevent, lessen, impeach or avoid any remedy at law or in equity which any party aggrieved by any wrongful use of any trademark might have had if the provisions of this act had not been passed." Section 7 of the act of 1881 conferred upon courts of the United States original and appellate jurisdiction in cases arising under the act

without regard to the amount in controversy. In discussing this provision, it was said in *In re Keasbey & Mattison Co.* 160 U. S. 221, that the act does not " assume to take away or impair the jurisdiction, which the courts of the several States always had over suits for infringement of trade marks." Obviously the similar provision found in § 17 of the act of 1905 must be construed in the same way. See *Warner* v. *Searle & Hereth Co.* 191 U. S. 195, 205; *Sarrazin* v. *Irby Cigar Co.* 93 Fed. Rep. 624, 628.

The bill sets out a title in the plaintiffs to a trademark and an infringement of this property right by the defendants. The plaintiffs do not invoke in support of their claim any statute of the United States, but depend for their title and relief upon the laws of this Commonwealth alone. The power of the general government does not extend to trademarks under any express provision of the Constitution. Congress has power to legislate respecting them only so far as may be incidental to other subjects over which it has power. The statute upon which the defendants rely is merely permissive. It does not require the registration of any trademarks, and by § 23 (quoted above) expressly preserves, at least to owners of unregistered trademarks, if not to owners generally, all rights which they would have had if the act had never been passed. Plainly, where all parties to the suit are domiciled in this Commonwealth, our courts have jurisdiction to adjudicate, as to their respective rights, between the plaintiff owner of a registered or of an unregistered trademark and the defendant owner of a registered trademark who is charged with an infringement.

In pursuance of the agreement of parties, upon which this cause was reported, let the entry be

*Injunction to issue in accordance with the prayer of the bill.*