## Cheatham Electric Switching Device Company v. Kentucky Switch and Signal Company.

(Decided February 12, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Courts—Federal Courts have Exclusive Jurisdiction of Cases Arising Under Patent Laws.—Under Judicial Code, section 256 (U. S. Comp. Stats., section 1233), the federal courts have exclusive jurisdiction of all cases arising under the patent right laws of the United States, including infringement suits.

2. Courts—State Courts have Jurisdiction of Questions Growing Out of Acknowledged Patent Rights.—State courts have jurisdiction of questions arising under the patent laws as issuing from, or growing out of an acknowledged patent right, with no disputed title in the patentee as granted by federal government.

3. Courts—Jurisdiction of Action Under Patent Laws Relating to Patents Must be Determined by Petition.—In determining whether state or federal court has jurisdiction of suit relating to patents, facts alleged in initial pleading are to exclusively govern, and question cannot be determined by defendant's counterclaim.

4. Courts—Jurisdiction of Action for Declaration of Plaintiff's Right to Make and Sell Articles Covered by Certain Patents Held in Federal Court.—In action for declaration as to plaintiff's right to make and sell articles covered by certain patents, which right it is alleged defendant denies and that he is threatening plaintiff's customers with actions for damages, jurisdiction held to be in federal court, notwithstanding action was brought under Declaratory Judgment Act and no damages were claimed by plaintiff.

5. Dismissal and Nonsuit—Petition May be Dismissed for Lack of Jurisdiction on Motion to Dismiss Counterclaim.—Court may dismiss plaintiff's petition, if convinced that it is without jurisdction, on plantiff's motion to dismiss defendant's counterclaim alone.

6. Patents—Fraudulently Taken Out in Name of Another than Inventor, are Void.—Where an inventor fraudulently procures another to pose as the inventor and take patents in his own name, patents are void.

7.  Dismissal and Nonsuit—Dismissal of Counterclaim, where Petition
    was Dismissed for Lack of Jurisdiction, Held Proper.—Where
    petition for declaration as to rights under patent laws was dis-
    missed by state court for lack of jurisdiction, dismissal of counter-
    claim praying that patents claimed by plaintiff be declared void
    held proper, notwithstanding Civil Code of Practice, section 372,
    providing that defendant is entitled to trial of counterclaim
    although plaintiff dismiss his action.

NORMAN, QUIRK & GRAHAM, JOHN B. BASKIN and L. L.
WEHNER for appellant.

B. N. GORDON and JNO. H. CHANDLER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Kentucky Switch
and Signal Company, filed this action under our Declara-
tory Judgment Law against appellee and defendant
below, Cheatham Electric Switching Device Company,
alleging in the petition that plaintiff was the owner of
four numbered letters patent that issued by the federal
government during the years 1921 and 1922 to one Rich-
ard R. Scoggan, for certain inventions and devices for
railroad switches, and all of which were assigned by
patentee to the plaintiff, who was the owner and holder
of them. It also alleged that defendant was the owner of
four older patents, the numbers of which are stated, one
of which was the pioneer patent of a switching device and
the others improvements of its parts, and to which latter
class, as we gather from the petition, were the patents
claimed to be owned by plaintiff. It was then alleged that
defendant's patents had expired and were no longer in
force and the plaintiff had the right to use them, as we
gather, in connection with its claimed patents, and to
manufacture the completed article as composed of the
pioneer and improvement patents claimed by defendant
as further improved by those owned by plaintiff. It was
then alleged that defendant was threatening to sue plain-
tiff's customers, under what is plainly inferrable, as an
infringement on defendant's patents, and judgment was
prayed declaring plaintiff to be the owner of its patents
with the right to manufacture and sell the device, and
with a like right to manufacture and sell the contrivances
covered by defendant's patents, and adjudging that de-
fendant was not the owner or any wise interested in
plaintiff's patents.

The answer denied the material averments of the petition and by counterclaim alleged it acquired its patents by assignment from one Cheatham, the patentee of them, in which assignment he agreed to likewise transfer and assign to defendant all other patented improvements that he might obtain in the future of the contrivances covered by the patents he assigned to defendant, and that Scoggan, the alleged patentee of plaintiff's patents, was his brother-in-law, and that in truth and in fact Cheatham was the inventor of plaintiff's patents but procured the letters patent to issue to Scoggan in order to avoid the terms of his assignment contract to defendant and it prayed for a judgment declaring it to be the exclusive owner of all the patents involved. Neither Cheatham nor Scoggan was made a party to the action. Plaintiff made a motion to dismiss the defendant's counterclaim upon the ground that the matters therein alleged were of exclusive jurisdiction in the proper federal court, and that the Jefferson circuit court, in which the action was brought, had no jurisdiction of it. The court not only sustained that motion but likewise dismissed the petition upon the same ground, and disputing the propriety of the judgment dismissing its counterclaim defendant has appealed.

By section 256 of the federal judicial code the federal courts have exclusive jurisdiction "of all cases arising under the patent right laws of the United States," including the "infringement of a patent for an invention," and that jurisdiction has been scrupulously regarded by both federal and state courts in all cases coming within the purview of that statute. At the same time it is also held that mere questions arising under the patent laws as issuing from, or growing out of an acknowledged patent right, with no disputed title in the patentee as granted by the federal government, is not "a case" arising under the patent laws, and in such instances the state court has jurisdiction. Illustrations of the latter class of actions are, suits to specifically enforce a contract for an assignment of an acknowledged valid patent; or a suit to recover the contract price for the purchase of manufactured patent devices, and many others which might be given. It is clear that in that class of cases no question concerning the monopolistic right created by a patent is involved, but only collateral questions growing out of the ownership of that right. The distinction is clearly set forth in section 515, volume 1,

of Hopkins on Patents, and in the notes to the text a number of federal cases are cited. A leading case in which the distinction is clearly drawn is that of Henry Pratt v. Paris Gas Light and Coke Company, 168 U. S. 255.

In determining the question of jurisdiction, as is also consistently held by federal courts, the facts alleged in the initial pleading are to exclusively govern and which in this case is the petition. Under that holding the question of jurisdiction may not be determined by defendant's counterclaim in this case. And so, the question is: Whether plaintiff's petition shows the action to be "a case" arising under the patent law so as to deprive the state court of jurisdiction?

It is earnestly contended that under the doctrine of the case of American Well Works Company v. Layne, 241 U. S. 257, the petition in this case only alleges a slander by defendant on the title of plaintiff to its alleged patents and that no showing is made by that pleading of an action arising under the patent laws, and that the state court, therefore, had jurisdiction, and the court erred in rendering the judgment appealed from. But we are not inclined to agree with that contention. Whether there was an issue raised by the petition creating a case within the exclusive jurisdiction of the federal court with reference to plaintiff's alleged patents, as assignee of Scoggan, we think there was such a case made with reference to the patents claimed to be monopolistically owned by defendant and which plaintiff asserted the right to ignore and to itself manufacture and sell the contrivances covered by those patents. The court below prepared and filed an opinion thoroughly expressive of our views of the case, and instead of repeating its substance we have concluded to insert it verbatim as a part of this opinion, and it is: "(1) It cannot, of course, be disputed that the courts of the United States have exclusive jurisdiction of cases arising under the patent laws. This includes cases in which relief is sought against the infringement of a patent, cases in which some right, title or interest under the patent laws is asserted, and perhaps other cases.

"(2) It is as well settled that a case is not one of exclusive federal jurisdiction merely because a patent is the subject matter of the action. The state courts may try questions of title and may construe and enforce contracts relating to patents. New Marshall Engine Co. v. Mar-

shall Engine Co., 223 U. S. 473.   In that case it was held
that the courts of Massachusetts had jurisdiction to
decree specific performance of a contract to assign future
improvements on a certain patent and a judgment of the
state court was affirmed, by which the patentee of the im-
provements and his assignee, with notice of complain-
ant's right, were required to assign to the latter in com-
pliance with the patentee's covenant so to do.   And it has
been held that, in such case, a state court may, incident-
ally, enjoin the sale of articles manufactured under the
patent, provided it does not determine questions of in-
fringement.   By-Products Recovery Co. v. Mahee, 288
Fed. 401.

"(3) The test for determining whether the jurisdic-
tion of a particular case is in the federal or state courts
has been thus stated by the Supreme Court of the United
States: 'There is a clear distinction between a case and a
question arising under the patent laws. The former arises
when the plaintiff in his opening pleading   .  .  .   sets
up a right under the patent laws as ground for a recov-
ery. Of such the state courts have no jurisdiction.'
Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255.   In
the present case plaintiff alleges in its petition that de-
fendant denies plaintiff's right to make and sell the ar-
ticles covered by certain patents held by it by assignment
from one Scoggin, the patentee, and is threatening plain-
tiff's customers, actual and prospective, with actions for
damages, if they purchase of plaintiff articles made by
it under those patents.

"This action was brought under the Declaratory
Judgment Act of this state, and strictly speaking, no 're-
covery' is prayed.   The prayer is for a declaration that
plaintiff is the owner of the patents in question, and has
the right to make, use, and sell the articles covered by
those patents.   Plaintiff also alleges that defendants'
interference with its business is attempted to be justified
by its ownership of certain older patents which plaintiff
says have long since expired, and it prays judgment
establishing its right to make, use and sell articles de-
scribed in those expired patents.

"I think it can make no difference that this action is
brought under the Declaratory Judgment Act.   It is a
case in which rights under the patent laws are asserted
and, by the test given us by the Supreme Court in Pratt
v. Paris Gaslight & Coke Co., *supra,* is a 'case' arising

under the patent laws. It is, therefore, a case of which the courts of the United States have exclusive jurisdiction. This conclusion seems to be fully supported by Atherton Machine Company v. Attwood-Morrison Company, 102 Fed. 949, a case relied upon by both sides.

"(4)   It is true plaintiff's motion is to dismiss defendant's counterclaim alone, but counsel for plaintiff, in his brief, expresses his belief that the entire case should be dismissed and I suppose there can be no doubt that it is my duty to do so, if convinced that this court is without jurisdiction.

"(5)   The right asserted by defendant in its counterclaim is to have from plaintiff an assignment of the patents in question by virtue of a contract of one Cheatham, by which the latter agreed to assign to defendant any improvements made by him upon certain patents theretofore assigned by him to defendant. Cheatham is not a party to this action nor were the patents in question issued to Cheatham. But defendant claims that they cover improvements upon the patents assigned by Cheatham to it, that Cheatham was the real inventor of the improvements but allowed the patents to be taken out by one Scoggan, in order to evade his duty to assign the inventions to defendant, and that plaintiff, to whom Scoggan assigned the patents, had notice of defendant's right to them.

"Defendant claims that these facts bring its counterclaim within the principle announced in Marshall Engine Company case (*supra*) and that consequently this court had jurisdiction to try that claim. If defendant were plaintiff in this case that result might follow, although there are obvious, and perhaps vital, differences between the Marshall Engine Co. case and the present case. There are no contractual relations between defendant and plaintiff here, or between defendant and the patentee, Scoggan, as there were between the parties in the Marshall Engine Company case. Indeed, neither Scoggan nor Cheatham is a party to this action.

"But, however that may be, it seems to be the rule that it is the sort of a case stated in plaintiff's petition which gives character to the whole proceeding and determines the question of jurisdiction. Couch Patents Co. v. Berman, 121 N. Y. S. 968. And, furthermore, plaintiff points out that, if it is true, as defendant charges, that

Cheatham fraudulently procured Scoggan to pose as the inventor and take the patents in his own name, then the patents themselves are void. Kennedy v. Hazelton, 128 U. S. 667. And this result of defendant's counterclaim further demonstrates, plaintiff says, that the case is one of exclusive federal jurisdiction. In response to this argument, defendant cites several cases which hold that in an infringement suit against the assignor of a patent, the latter will not be allowed, as against his assignee, to say that the patent is invalid. But this is a different case. Here defendant is not the assignee of the patents (although it claims that it should be). Plaintiff is not assailing the validity of these patents but, on the contrary, is attempting to uphold them. It is defendant's own counterclaim which, if true, demonstrates the invalidity of these patents.

"It is true that our Code (section 372) provides that a defendant is entitled to a trial of a counterclaim although plaintiff dismiss his action. But (waiving the difficulty that defendant's counterclaim itself presents a matter exclusively justiciable in the feredal courts), it was held in McClellan's Admr. v. Troendle, 30 K. L. R. 611, 99 S. W. 329, that this provision has no application 'Where the plaintiff's action is dismissed by the court on the ground that the plaintiff cannot sue in this state.' That was a suit brought by a foreign administrator, who has not qualified here, and the court held that a counterclaim against him must go with the petition. This case is doubtless distinguishable from the present case on the ground that a foreign administrator can neither sue nor be sued in this state. But the case shows at least, that not in every case will a counter-claimant be allowed to proceed after the first pleading in the case has been dismissed.

"Looked at from any angle, this case seems to me to be one which must be decided by the courts of the United States, and it is ordered dismissed for lack of jurisdiction in this court to try it."

We deem it unnecessary to enlarge upon that opinion by an attempted further discussion of the questions involved, and the judgment is accordingly affirmed.