[Sac. No. 6154. In Bank. Dec. 21, 1950.]

JOE C. KOSTAL, JR. et al., Respondents, v. ROBERT F. PULLEN et al., Appellants.

A. P. Coviello and John C. Miles for Appellants.

Miller & Kroloff and Jack J. Miller for Respondents.

SHENK, J.—The defendant has appealed from an order denying his motion for change of venue.

On April 12, 1949, the plaintiffs commenced the action in San Joaquin County to recover on a promissory note. They alleged in substance the defendant's execution and delivery to them of a note dated October 6, 1948, in the principal sum of $1,340 payable in monthly instalments of $150 commencing October 20, 1948, with interest, on which but one instalment had been paid and on which there remained due and unpaid a balance of principal and interest in the sum of $1,201.58. The complaint did not show the place of execution or performance of the note.

On May 9th the defendant filed a demurrer on general and special grounds including the ground of uncertainty as to the place of execution and payment. Concurrently he filed a notice of motion for change of place of trial to the county of Los Angeles on the ground that he was a resident of that county, that the alleged obligation, if incurred at all, was incurred in that county, and that "the proper place of the trial of this action is in the said City of Los Angeles, County of Los Angeles . . . under and pursuant to the provisions of section 395 and 396 of the Code of Civil Procedure of the State of California." An affidavit of merits accompanied the notice which included averments that the defendant was a resident of Los Angeles County, and that the obligation, if any, was incurred in that county. As authority for the transfer the defendant relied on the code sections mentioned in the notice of motion. No counteraffidavit was filed. On May 17, 1949, the day noticed for the making of the motion, the court denied the motion and sustained the demurrer with leave to amend. The defendant filed his notice of appeal on July 1st.

■■ On the uncontroverted facts disclosed by the defendant's affidavit he was entitled to the requested transfer (Code Civ. Proc., § 395; *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]; *Mercantile Acceptance Corp.* v. *Willett,* 125 Cal.App. 778 [14 P.2d 121]), unless, as contended by the plaintiffs, there was here such a failure to comply with the rule requiring a memorandum of points and authorities with the notice of motion as would justify the denial of the motion.

Rule 3(a) of the Rules for Superior Courts (33 Cal.2d 1, 3) provides that on the filing of the notice of the motion the party shall also serve and file a memorandum of the points and authorities to be relied upon.

Since on the uncontroverted facts the code sections cited in the notice of motion required the court to grant the transfer,

we conclude that the citation was a sufficient compliance with the rule. No further authority was necessary. The defendant was entitled to have the motion granted and to have the objections raised by his demurrer heard in the proper county. Under section 395 the transfer was required in advance of any other judicial action in the case. (*McClung* v. *Watt*, 190 Cal. 155 [211 P. 17] ; *Brady* v. *Times-Mirror Co.*, 106 Cal. 56, 60-61 [39 P. 209] ; *Ah Fong* v. *Sternes*, 79 Cal. 30, 33 [21 P. 381] ; *Heald* v. *Hendy*, 65 Cal. 321 [4 P. 27].)

The foregoing result follows if the denial of the first motion was with prejudice. However, the order sustaining the demurrer for uncertainty might indicate that an opportunity was thereby afforded to the plaintiffs by amendment to allege facts which would controvert the averments of the defendant and require the retention of the trial in the county where the action was commenced. We may assume, without deciding, that the court could have denied the motion without prejudice for this purpose. The plaintiffs thereupon filed an amended complaint which set forth the note in full. The note disclosed that it was executed and was to be performed in Los Angeles County. The plaintiffs therefore not only failed to allege the facts which would establish venue in the county of their choice, but the amended pleading corroborated the defendant's showing. The defendant then renewed his motion by filing a second notice based on the affidavit previously filed, together with a memorandum of points and authorities. On June 21st the court overruled the demurrer and denied the motion. The facts and authorities thus remained as on the first hearing, and the renewed motion should have been granted.

The order is reversed with directions to the trial court to grant the defendant's motion for a transfer.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.