BROWN & BIGELOW, Appellant, v. REMEMBRANCE ADVERTISING PRODUCTS, INC., et al., Respondents.

First Department, February 26, 1952.

*Clifton Cooper* of counsel (*Alexander, Cooper, Maltitz, Derenberg & Daniels,* attorneys), for appellant.

*Sydney D. Robins,* attorney (*Jacob Goodman,* with him on the brief), for respondents.

SHIENTAG, J. Plaintiff appeals from a judgment for defendants, dismissing the complaint on the merits, after a trial before an Official Referee. The action is one for infringement of a trade-mark registered under the Federal statutes, and also for unfair competition in connection therewith.

Plaintiff has been engaged in the business of advertising the products of other concerns and individuals by the sale of calendars, blotters, pencils and similar goods bearing advertising matter thereon for more than twenty-five years. These advertising products are distributed by customers of plaintiff as gifts to the general public. In this manner the customer's products are brought to the attention of the public, and advertised and remembered by those whose trade the customer solicited. In connection with their business, plaintiff for many years has used exclusively the words " Remembrance " and " Remembrance Advertising " as its trade-mark.

The corporate defendant, a domestic corporation organized in 1948, is engaged in the same business. As part of its cor-

porate name, it has used the words " Remembrance Advertising ". · The evidence discloses that in its advertising the defendant displays its corporate name with those words so accentuated as to minimize the significance of the other words of its corporate name.

Plaintiff contends that the words "Remembrance " and " Remembrance Advertising " are valid trade-marks and that they have acquired secondary meaning which identifies their origin to consumers.

Preliminarily, it may be noted that the courts of this State have jurisdiction over actions for trade-mark infringement, independent of allegations of unfair competition. Whatever doubt there may have been as to this seems to have been completely removed by the provisions of subdivision (a) of section 1338 of title 28 of the United States Code providing as follows: " The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the states in patent and copyright cases." The jurisdiction of the State courts in cases involving the infringement of a statutory trade-mark and for an injunction and damages in connection therewith, necessarily carries with it the power to pass upon the validity of the registered trade-mark and the scope of its application. There is no right to the exclusive use of a name as a trade-mark, whether at common law or by statute, which is a common term descriptive of the product rather than fanciful, arbitrary or suggestive. Accordingly, it would seem clear that the plaintiff has no exclusive right to the use of the term " Remembrance Advertising " as a trade name whether under the common law or under the Federal statutes relating to the registration of trade-marks.

While, as heretofore stated, jurisdiction in trade-mark cases is not exclusive with the Federal courts, all questions as to validity and infringement of trade-marks registered under the United States statutes are to be determined by Federal statutory and decisional law. It is urged that for us to hold that the registered trade-mark here invoked is invalid would be in direct conflict with a decision of the Federal District Court for the District of Minnesota in the case of *Advertising Corp. of America* v. *Brown & Bigelow*, which is unreported. (See Plaintiff's exhibit 23.) The record in that case is not before us. From an examination of the findings of fact and conclusions of law it would appear, however, that the question presented was not so much the validity of the registered trade-mark of

the plaintiff in this action as whether or not the plaintiff in the Minnesota action in the Federal courts had the right to register as its trade-mark a name or term substantially similar to that of the defendant in that action (the plaintiff in this case). In any event, the parties are not the same in the two actions. The decision in the Minnesota case is, of course, entitled to great weight but it is not *res judicata* nor, on the facts submitted to us, is it binding upon us under the doctrine of *stare decisis*. In reaching this conclusion we do not depart from the Federal statutory and decisional law generally applicable to situations such as those which are here presented.

Assuming, therefore, that the plaintiff is not entitled to relief solely on the basis of the registered trade-mark, the next question to consider is whether the words " Remembrance " or " Remembrance Advertising " have acquired a secondary meaning so as to entitle the plaintiff to their exclusive use under the common law. The learned Official Referee has found that those words or terms did not acquire such a secondary meaning and we are not inclined to disagree with that holding. Although the question is not free from doubt we believe that the record sustains the finding that the plaintiff has failed to show that the primary significance of the terms " Remembrance " and " Remembrance Advertising ", in the minds of the public is the producer rather than the product, or a specific line of business. Long user, in and of itself, will not suffice to attach a secondary meaning to terms which are general and descriptive in character. Does that mean, however, that the plaintiff, who has used these terms in connection with his line of business for many years, is not entitled to any relief as against the defendants in this case? The individual defendant, an officer of the corporate defendant, was formerly connected with the plaintiff, and the evidence establishes that, in the corporate name of the defendant, the words " Remembrance Advertising " were emphasized and the words " Products, Inc." minimized as much as possible. It seems clear that notwithstanding the absence of a valid registered trade-mark and a technical secondary meaning, the interests of justice require that the plaintiff be given some relief.

The question presented here is a good deal like that which confronted the Supreme Court of the United States in the well-known case of *Kellogg Co.* v. *Nat. Biscuit Co.* (305 U. S. 111, 118). While the *Kellogg* case is not decisive of the issues here presented, the approach of the Supreme Court of the

United States in that case represents a just and fair solution of a perplexing problem and one which we should here follow. The *Kellogg* case (*supra*) was a suit by the National Biscuit Co. to enjoin alleged unfair competition arising from the use of the name "Shredded Wheat" in the sale and manufacture of breakfast foods known by that name. It was established that the National Biscuit Company, for many years, had a patent on the manufacture or preparation of a product which it described as shredded wheat and was, for the years of its patent monopoly, the exclusive producer of that product. The court found that the words "Shredded Wheat", which had come to designate the product, were in facts its generic name; that "many people have come to associate the product, and as a consequence the name by which the product is generally known, with the plaintiff's factory at Niagara Falls" (*Kellogg Co.* v. *Nat. Biscuit Co.*, 305 U. S. 111, 118, *supra*). However, the court said that "to establish a trade name in the terms 'shredded wheat' the plaintiff must show more than a subordinate meaning which applies to it. It must show that the primary significance of the term in the minds of the consuming public is not the product but the producer. This it has not done." Notwithstanding these findings, however, the court went on to say that the showing which the plaintiff made "does not entitle it to the exclusive use of the term shredded wheat but merely entitled it to require that that the defendant use reasonable care to inform the public of the source of its product." (P. 119.) The court held that the Kellogg Company had discharged this obligation in various ways, among them using in front of the words "shredded wheat" on its cartons the name Kellogg, so sized and so spaced as to strike the eye as being a Kellogg product (*Kellogg Co.* v. *Nat. Biscuit Co.*, *supra*, p. 120). The significance of the court's view that the plaintiff was entitled to protection even in the absence of secondary meaning is not minimized by the circumstance that the *Kellogg* case did not involve an attempt to enforce a statutory trade-mark.

In this case, likewise, it appears that the plaintiff, Brown & Bigelow, had for many years exclusively used the words "Remembrance" and "Remembrance Advertising" and that as a result of its long-continued usage these words came to describe a distinct line of business. Here too, the evidence establishes that the primary significance of the words "Remembrance Advertising" attaches not to the producer but to the

product or line of business, and that these words do not possess a " secondary meaning " identifying them with the plaintiff. However, unlike the defendant in the *Kellogg* case (*supra*), the defendant Remembrance Advertising Products, Inc., has failed to discharge the obligation resting upon it to identify its product in a manner which would distinguish it from that of the plaintiff. Indeed, the evidence established the contrary to be the case. In its advertising the defendant displays its corporate name with the words " Remembrance Advertising " so arranged as to minimize the significance of the added words " Products Inc." We conclude therefore that the defendant should be enjoined from using, in such manner, the words in controversy, in its name and on the products which it sells or deals with. It should be required, moreover, to employ in its corporate name and in its advertising material, along with the words " Remembrance " and " Remembrance Advertising ", language clearly distinguishing its products from those of the plaintiff, Brown & Bigelow. Such a requirement will, in our opinion, ensure a certain amount of justice among competing claims, each of which is entitled to consideration. Rights and remedies in the field of unfair competition are sufficiently plastic to warrant the conclusion here reached. Settle order containing new findings of fact and conclusions of law in accordance with the foregoing determination.

PECK, P. J., GLENNON and VAN VOORHIS, JJ., concur; CALLAHAN, J., dissents and votes to affirm.

Judgment modified in accordance with the opinion herein. Settle order on notice containing new findings of fact and conclusions of law in accordance with the opinion herein.