[Civ. No. 20484.   Second Dist., Div. Three.   Feb. 7, 1955.]

EARL F. SHORES, Respondent, v. CHIP STEAK COMPANY (a Corporation) et al., Appellants.

Milo Ayer for Appellants.

C. G. Stratton and Austin Clapp for Respondent.

ASHBURN, J. pro tem.*—Appeal from order denying motion for change of venue from Los Angeles County to Alameda County. Respondent filed no brief, and the cause has been submitted (pursuant to rule 17(b) of the Rules on Appeal) upon the record and appellants' opening brief.

The action, one for declaratory relief, was filed in Los Angeles County by Earl F. Shores "doing business as Chip

*Assigned by Chairman of Judicial Council.

Steak Co." against two corporations, Chip Steak Company and Chip Steak Company Southern California. It affirmatively appeared upon the motion that the principal place of business of each defendant is situated in Alameda County. There are no defendants other than the two corporations.

Plaintiff alleges that he, conducting business under the fictitious name Chip Steak Company, has been and is engaged in preparing, selling and distributing "thin sliced fresh beef, known in the trade and designated by him as 'chip steaks,' "—this in Los Angeles County and elsewhere; that defendants are and have been jointly engaged in like business of preparing and selling in Los Angeles County "thin sliced fresh beef, known to the trade in said County as 'chip steaks' "; that a controversy has arisen and now exists, plaintiff contending that "chip steaks" is a descriptive term which has not acquired a secondary meaning; that it does not refer to the goods of any particular producer, seller or distributor; and that "neither of the defendants, nor anyone else, has the exclusive right to use 'chip steaks' to designate very thin sliced fresh meat, but that it is a descriptive generic term." Defendants' contentions are alleged to be that the term "chip steaks" is a valid trademark covering the commodity in question; that defendants have the exclusive right to use same in the County of Los Angeles; and "that the use of the term 'chip steaks' in said County by plaintiff for thin sliced fresh beef constitutes an infringement of purported rights to a valid trade-mark and of purported rights under a purported U. S. Patent No. 2,052,221 that have been assigned by William J. Dubil and Edward J. Hubik to first defendant, which alleged rights the first and second defendants have been and are claiming the right to use and are using in Los Angeles County, State of California, with the consent of first Defendant." The record does not affirmatively disclose whether defendants' claim of ownership of a trademark arises under federal or state law. Plaintiff further alleges that defendants have "claimed the right to recover damages of plaintiff by reason of alleged violations of their asserted rights alleged to have been committed by the plaintiff in said County." The prayer is for declaratory judgment to the effect that defendants do not have an exclusive right to use the name "chip steak" for very thin sliced meat in Los Angeles County or elsewhere in this state; also for general relief.

The venue of an action brought only against a corporation or corporations is fixed by section 16 of article XII of the

Constitution. It says: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." This section is self-executing and "where the plaintiff fails to bring his action in any of the counties specified by the Constitution, the corporation then is entitled to a change of venue to the county of its principal place of business under the last clause of the constitutional provision." (*Hale* v. *Bohannon,* 38 Cal.2d 458, 470, 478 [241 P.2d 4].)

Where it appears in a transitory action, as here, that the principal place of business of the sole defendant, a corporation, is in a county other than the one wherein the action was brought, the further burden rests upon the moving party to establish that none of the other grounds of trial in that county exists, namely, that a contract in suit was not made or to be performed in that county or that the obligation or liability of defendant did not arise there, or any breach of obligation occur there. (*Konig* v. *Associated Almond Growers,* 37 Cal. App.2d 360, 364 [99 P.2d 678]; *Pacific Bal Industries* v. *Northern Timber, Inc.,* 118 Cal.App.2d 815, 826 [259 P.2d 465]; *Cook* v. *Ray Mfg. Co.,* 159 Cal. 694, 696 [115 P. 318]; *Walker* v. *Wells Fargo Bank etc. Co.,* 8 Cal.2d 447, 450 [65 P.2d 1299].) This burden is discharged by a showing that the complaint states no cause of action whatever and that plaintiff cannot state one. Such is the holding in *Clary* v. *Basalt Rock Co.,* 99 Cal.App.2d 458 [222 P.2d 24], a case upon which appellant principally relies. That was an action for declaratory relief wherein plaintiff sought to have defendant adjudged liable for a sales tax under an agreement of sale between the parties. The complaint disclosed that there was no agreement between them as to payment of the tax; that the state had and made no claim against defendant buyer; and that no implied obligation to pay the tax arose from the contract of sale. The court concluded that plaintiff had stated and probably could state no cause of action whatever and that the defendant corporation was entitled to a change of venue to the county of its principal place of business. We concur in the view that this is a sound conclusion with respect to an insufficient complaint which appears on its face to be not amendable. But as applied to a defective and amendable complaint we think the defendant corporation has not

made the necessary showing if it stops with a mere demonstration that the complaint does not state a cause of action. ■ For "questions as to the legal sufficiency of the complaint to accomplish the purpose intended do not properly arise on the motion." (*Eckstrand* v. *Wilshusen*, 217 Cal. 380, 382 [18 P.2d 931]; *cf. Kaluzok* v. *Brisson,* 27 Cal.2d 760, 765 [167 P.2d 481, 163 A.L.R. 1308]; *Lefurgey* v. *Prentice,* 36 Cal. App. 338, 342 [171 P. 1080].) ■ Indeed the motion must be decided before the hearing of any demurrer. (*Kostal* v. *Pullen,* 36 Cal.2d 528, 530 [225 P.2d 217].)

There is no basis for holding this case in Los Angeles County other than the existence of some liability arising therein or a breach in that county of some cognizable obligation. Plaintiff in effect says that defendants have no rights which he must respect and hence that he has incurred no liability and breached no obligation. Defendants-appellants argue that the complaint is an attack upon a United States patent and a valid trademark, an issue which they say is not triable in the state courts; that this brings the Clary doctrine into play and they are entitled on that basis to a removal to Alameda County. However, their assumption that the validity of the trademark cannot be canvassed in the state tribunal is erroneous, as will appear.

■ In the domain of venue a complaint which seeks declaratory exoneration from an alleged liability shown to be asserted by defendant must be viewed as if defendant were a plaintiff attempting to enforce that obligation. The rationale of the rule is that one who has breached, or is claimed to have breached, an obligation in the county of suit, cannot deprive the other party of his right to have the case tried there by anticipating such an action and molding the controversy into one for declaratory judgment negating the existence of defendant's claim. Such is the holding in *Standard Brands of Calif.* v. *Bryce,* 1 Cal.2d 718 [37 P.2d 446]. Plaintiff there sought a declaratory judgment exonerating him from liability for an invasion of his neighbor's realty, one which if existent would constitute a permanent trespass. The Supreme Court held that, a cause of action having accrued to defendant, the action was not declaratory in character, saying at page 721: "When, as here, the cause of action has already accrued and the only question for determination is the ultimate liability of one party on account of consequential relief to which another is shown to be entitled, it has been held that the nature of the action is not a cause for declaratory relief but is defined

by the subject matter of the accrued cause of action. (See *In re Sterrett's Estate*, 300 Pa. 116 [150 A. 159, 162]; *Kaaa* v. *Waiakea Mill Co.*, 29 Hawaii 122, 127, 128; see, also, notes in 12 A.L.R. 74-76; 50 A.L.R. 43, 44; 68 A.L.R. 119.) These considerations are applicable as well on the questions of the nature of the action and the subject matter of the complaint in determining the defendant Bryces' motion for a change of place of trial. Consequently the plaintiff, by bringing the action itself in anticipation of the defendant Bryces' claim against it, and by joining other defendants upon whom it attempts to fasten the claimed liability and who resides in a county outside the county where the real property is situated, may not deprive the owners of the property of their right to a trial in the county where the real property is located. The plaintiff may not, by this device, choose its own forum and thus evade the statutory provisions which require a trial in Los Angeles County of any cause of action shown by the complaint to have accrued." (See also *Fritz* v. *Superior Court*, 18 Cal.App.2d 232, 235 [63 P.2d 872].)

The complaint at bar challenges defendants' claims of valid trademark and valid United States patent. ■ If this were an action for infringement of patent, the federal courts would have exclusive jurisdiction (21 C.J.S. p. 794, § 525; 40 Am. Jur. p. 652, § 169). And plaintiff's election to sue for declaratory judgment that he is not an infringer does not give the state court power to hear the case; the controversy remains one of exclusive federal jurisdiction. (*E. Edelmann & Co.* v. *Triple-A Specialty Co.*, 88 F.2d 852; *Grip Nut Co.* v. *Sharp*, 124 F.2d 814; *Lionel Corp.* v. *De Filippis*, 11 F.Supp. 712, 716; *Cheatham Elec. Switching Device Co.* v. *Kentucky S. & S. Co.*, 213 Ky. 23 [280 S.W. 469, 471].) ■ The question of patent infringement cannot be litigated by either party in the state court and an attempt so to do cannot affect the defendants' right to trial in their home county for plaintiff can state no cause of action and the Clary rule applies. The same would be true of copyright infringement if it were directly presented. (*Loew's, Inc.* v. *Superior Court*, 18 Cal. 2d 419, 427 [115 P.2d 983].)

■ But a different situation exists in relation to federal trademarks. The state courts have concurrent jurisdiction of such infringement cases (87 C.J.S., p. 531, § 191; 52 Am. Jur. p. 638, § 163; *Philadelphia Storage Battery Co.* v. *Mindlin*, 163 Misc. 52 [296 N.Y.S. 176, 178]; *Brown & Bigelow*

v. *Remembrance Advertising Products, Inc.,* 279 App.Div. 410 [110 N.Y.S.2d 441, 443], 304 N.Y. 909 [110 N.E.2d 736] ; *Traiser* v. *J. W. Doty Cigar Co.,* 198 Mass. 327 [84 N.E. 462, 15 Ann.Cas. 219] ; *Nelson* v. *J. H. Winchell & Co.,* 203 Mass. 75 [89 N.E. 180, 23 L.R.A.N.S. 1150]). And so the superior court has jurisdiction whether the trademark be one registered under the laws of California (see Bus. & Prof. Code, § 14300) or those of the United States.

As above indicated plaintiff raises the question of infringement of defendants' trademark, claimed by them to be valid and to have been violated by plaintiff; they have threatened to sue him for damages. The state court has jurisdiction over the controversy. The obligation of. noninfringement was violated, if at all, and the liability, if any, arose in Los Angeles County. The fact that plaintiff denied liability to defendants is not of consequence. That is the heart of a contested case. It is the claim of liability, not the fact as ultimately found, that determines the matter of venue. The cited authorities, especially *Standard Brands of Calif.* v. *Bryce, supra,* establish Los Angeles County as the proper place of trial.

The motion for change of venue was properly denied and the order is affirmed.

Shinn, P. J., and Vallée, J., concurred.