## CIRCUIT COURT OF FAIRFAX COUNTY

Buffalo Wing Factory, Inc.

v.

Saleem Mohd et al.

June 14, 2006

Case No. (Law) 2006-231

BY JUDGE KATHLEEN H. MACKAY

This matter came before the Court on the Defendants' Demurrer and Pleas in Bar. These motions were heard on Friday, May 12, 2006. At that time, I sustained Defendants' plea in bar to Count II. Defendants' demurrer to Count IV was also sustained, with leave to amend given to the Plaintiff. The demurrer to Count V was overruled. An order reflecting my rulings was entered that day. In addition, I took the Defendants' demurrer/plea in bar to Counts VII and VIII under advisement. Since the hearing date, I have had the opportunity to again review the briefs in light of oral arguments made, and I am now prepared to rule.

In Counts VII and VIII the Plaintiff allege violations of the Federal Lanham Act, particularly under 15 U.S.C. § 1125(a). In both the demurrer and the pleas in bar, Defendants argue that these claims fall within the original jurisdiction of the federal courts and, therefore, cannot be brought in a Virginia trial court. This argument is more properly categorized as a plea in bar and will be treated as such below.

Concurrent jurisdiction in state and federal courts over claims arising from federal law is presumed. The presumption applies even if a federal statute explicitly provides for original federal jurisdiction, so long as that statute does not also provide that jurisdiction is exclusive in the federal courts. *See* 17A-120 *Moore's Federal Practice – Civil* § 120.12. Exclusive federal

jurisdiction is established either through an express statutory statement or by a federal court ruling that federal court jurisdiction is exclusive. *Id*. Concurrent jurisdiction is the norm unless legislative history unambiguously indicates a Congressional intent for exclusive federal jurisdiction or the exercise of state court jurisdiction is incompatible with the federal interests. *Gulf Offshore Co. v. Mobil Oil Corp. et al.*, 453 U.S. 473, 477-78, 101 S. Ct. 2870, 69 L. Ed. 2d 784.

In this case, 15 U.S.C. § 1121 provides that the district and territorial courts of the U.S. shall have original jurisdiction of any actions arising under the parts of the Lanham Act which fall within that chapter, including 15 U.S.C. § 1125(a), which Plaintiff is suing under. Although the code grants the federal courts original jurisdiction, it does not expressly state that exclusive jurisdiction rests with them.

In fact, 28 U.S.C. § 1338 states that the district courts shall have *original* jurisdiction of any civil action arising under any Act of Congress (i.e., the Lanham Act) relating to patents, plant variety protection, copyrights, and trademarks. The statute continues, stating such jurisdiction is *exclusive* of the courts of the states in patent, plant variety protection and copyright cases. *See* 28 U.S.C. § 1338. Trademarks are not included in this list of matters subject to exclusive federal jurisdiction. The decision to not include trademarks in this exclusive jurisdiction appears to be an intentional affirmation of the concurrent jurisdiction of the state and federal courts over trademark matters such as those at issue in this case.

Virginia Courts do not appear to have directly addressed this question. However, the decisions of other state's courts demonstrate the general principal that state courts have concurrent jurisdiction with federal courts over trademark and unfair competition actions brought under the Lanham Act. *See Pioneer First Fed. Sav. & Loan Ass'n. v. Pioneer Nat'l Bank*, 98 Wash. 2d 853, 659 P.2d 481, 487 (1983); *Flagship Real Estate Corp. v. Flagship Banks, Inc.*, 374 So. 2d 1020, 1021 (Fla. Dist. Ct. App. 1979). The New York cases cited by the Plaintiff are also particularly illustrative. *See Dell Pub. Co. v. Stanley Publications, Inc.*, 9 N.Y.2d 126, 172 N.E.2d 656, 660, 211 N.Y.S.2d 393 (1961); *Brown & Bigelow v. Remembrance Adver. Prods., Inc.*, 279 A.D. 410, 110 N.Y.S.2d 441, 443-44 (N.Y. App. Div. 1952).

Therefore, because the Virginia state courts have jurisdiction to hear Plaintiff's claims arising 15 U.S.C. § 1125(a), Defendant's plea in bar as to Counts VII and VIII is overruled.