[Civ. No. 24543.   Second Dist., Div. Two.   July 13, 1960.]

JOHN GEE CLARK, Petitioner, v. ALAN CRANSTON,
as State Controller, etc., Respondent.

Stanley D. Clark for Petitioner.

Stanley Mosk, Attorney General, and William J. Power, Deputy Attorney General, for Respondent.

RICHARDS, J. pro tem.*—Petition for a writ of mandate to compel respondent State Controller to pay the petitioner, a retired judge of the superior court, certain funds representing the difference between a 65 per cent retirement allowance and a 75 per cent retirement allowance for the months of October, November and December, 1959, and January, 1960. Respondent has made his return to the alternative writ by demurrer and answer.

Petitioner served as an Assemblyman of the 70th Assembly District, State of California, for four years, beginning on or about January 1, 1935, and ending on or about December 31, 1938. He was appointed and duly qualified as a judge of the superior court on October 21, 1941. He was elected to said office for three six-year terms beginning on or about January 1, 1943. He retired as a judge of said court on September 30, 1959, at which time he was 69 years of age. From the date he qualified as a judge of said court to the date of his retirement therefrom, he served as a judge of the superior court for 17 years, 11 months and 9 days. Of his four-year service as a constitutional officer, he served one year and five months following the effective date of the Judges' Retirement Law on August 1, 1937. His total service after August 1, 1937, as a constitutional officer and as a judge, was 19 years, 4 months and 9 days.

During his service as a judge, petitioner contributed to the Judges' Retirement Fund of the State of California all of the amounts required by law to be paid by a judge of the superior court. In addition, he contributed to said fund the sum of $43.36 for the purpose of crediting, pursuant to section 75030.5, one month and 10 days of his service as an assemblyman between August 1, 1937, and December 31, 1938. On or about September 17, 1959, petitioner tendered a further con-

*Assigned by Chairman of Judicial Council.

tribution to said fund in the amount of $900, which amount is held by respondent in a suspense account pending the outcome of these proceedings. It is apparently conceded by the respondent that the total of the deductions from petitioner's salary as a judge, pursuant to sections 75102 and 75103, the $43.36 contributed pursuant to section 75030.5, and the $900 tendered, exceed the amount petitioner would have contributed had he been a judge of the superior court continuously for 20 years after August 1, 1937, or for 20 years immediately prior to his retirement, together with interest as required on unpaid installments.

Petitioner's rights to a retirement allowance as a retired judge are governed by the Judges' Retirement Law (Gov. Code, §§ 75000, et seq.) which was enacted in 1937 and became effective August 1, 1937. (All article and section references hereafter are to the Government Code unless otherwise noted.)

The narrow question for determination is whether, under the provisions of Government Code, section 75076, as enacted in 1957, and prior to its amendment in 1960 (Stats. 1960, ch. 25), the petitioner was entitled, as he claims, to a retirement allowance equal to 75 per cent of the salary of a judge holding the judicial office to which he was last elected or to 65 per cent thereof, which he was paid during the specific period.

To encourage service-qualified judges to retire by providing a more liberal allowance to judges who, eligible to retire, do retire before a specified age or within a specified time after its enactment, article 3.6, sections 75075-75079, was enacted in 1959. Section 75075 thereof provides, in relevant part: "Any judges hereafter retiring *pursuant to the provisions of section 75025* . . . may elect to receive the benefits accorded by this article (a) if he retires prior to attaining the age of seventy years, . . ." (Emphasis added.) Section 75076 provides, as relevant: "Every judge who qualifies, as prescribed in section 75075, to receive the benefits accorded by this article shall receive a retirement allowance equal to 65 per cent of the salary payable at the time the allowance falls due, to the judge holding the judicial office to which he was last elected or appointed; except that if upon retirement a judge has received credit for 20 or more years of service rendered prior to the expiration of the time within which the judge is eligible to elect to receive the benefits accorded by this article *and for which he has contributed to the Judges' Retirement Fund*

his retirement allowance shall equal 75 percent of such salary.'' (Emphasis supplied.)

In order to retire ''pursuant to the provisions of section 75025'' a judge must have the qualifications of age and judicial service therein specified and have contributed to the Judges' Retirement Fund either by salary deductions or by voluntary contribution the equivalent of 10 years salary deductions as required by section 75026.

Credit for nonjudicial service toward the judicial service qualification specified in section 75025 is provided in section 75030.5 reading, in pertinent part: ''Any judge who has served as a constitutional officer . . . before becoming a judge has a right to elect . . . to make contributions pursuant to this section for, and receive credit in this system, for all or any part of the time he served as such officer, . . . As used herein, the term 'constitutional officer' means the holder of an office created by the Constitution of this State, . . . Every judge electing to receive credit for service pursuant to this section shall . . . , as a condition to receiving such credit *pay into the Judges' Retirement Fund a sum equal to the amount which would have been deducted from his salary and paid into that fund . . . had he been a judge during the time for which he elected to receive credit for service, computed by applying the rates of deductions applicable to judges' salaries during such time* to the rate of salary he actually received during his first year as a judge, plus interest at 3 percent a year. . . .'' (Emphasis supplied.)

It is the petitioner's first contention that he is entitled to receive credit under section 75076 for more than 20 years as a judge in that he served four years as a constitutional officer and 17 years, 11 months and 9 days as a judge of the superior court.

We agree that petitioner was entitled to receive credit for 20 or more years of judicial service under section 75076, but cannot agree that he was entitled to have ''received credit for twenty or more years of service . . . for which he has contributed to the Judges' Retirement Fund.''

For the purpose of attaining judicial service eligibility for retirement, section 75030.5 (*supra*) permits a judge who was a constitutional officer or public legal officer to elect to receive credit for such services by paying into the fund a sum equal to the amount ''which would have been deducted from his salary'' pursuant to section 75102 had he been a judge ''during the time for which he elects to receive credit for service.''

Deductions from judges' salaries began August 1, 1937, the effective date of the Judges' Retirement Law. Service as a constitutional officer or public legal officer prior or subsequent to August 1, 1937, may be used as credit on judicial service to establish service eligibility for retirement, but only so much of such nonjudicial service sought to be credited as is rendered after August 1, 1937, is subject to the condition of contribution to the fund. As interpreted by the attorney general (see 31 Ops. Cal.Atty.Gen. 204; 9 Ops. Cal.Atty.Gen. 53), and as administered by the controller, with which interpretation we agree, the retirement law does not require contributions as a condition to crediting of service, judicial or nonjudicial, prior to the effective date of the act. Under this interpretation of section 75030.5, the only period of petitioner's service as a constitutional officer for which a contribution "would have been deducted from his salary . . . had he been a judge," began with the effective date of the law on August 1, 1937, and ended with his term of office as an assemblyman on or about December 31, 1938.

Thus, it appears that the petitioner is entitled to receive credit in determining his judicial service eligibility for retirement under section 75025 for all of his service as an assemblyman prior to August 1, 1937, without payment of contribution, and for so much of his service as an assemblyman after August 1, 1937, as he has made payment of contribution as provided in section 75030.5. However, his total period of contributive service computable under sections 75030.5 and 75102 is thus less than 20 years.

Section 75032 provides that a judge retiring pursuant to section 75025 shall receive a 50 per cent allowance. No mention is made in section 75032 of contributions to the fund nor is any distinction made in said section between service upon which contributions have been made and service upon which contributions are not required. The only qualification required to receive the 50 per cent allowance under said section is that the judge qualify for retirement under section 75025, which in turn requires that a condition of eligibility is compliance with section 75026, that is, 10 years of contributions.

The same holds true as to the 65 per cent allowance provision in section 75076. Two qualifications are there required: (1) That the judge be eligible to retire under section 75025, and (2) that he elect to retire before age 70, or within the time specified. There is no provision in section 75076 governing the 65 per cent allowance which requires contribution to

the fund other than as required for retirement eligibility under section 75025.

Now, in contrast to sections 75032 and 75076, as the latter pertains to the 65 per cent allowance, section 75076 provides as to the 75 per cent allowance, that an allowance of this amount shall be paid only to judges having 20 years of service upon which contributions have been paid to the fund. It is clear that eligibility for the 75 per cent allowance includes not only eligibility for retirement together with actual retirement before age 70 or within the time specified, but, in addition thereto, a contribution to the fund for 20 years of credited service.

Petitioner next contends that if contribution for 20 years of credited service is required as a condition to eligibility for a 75 per cent allowance, he is entitled to contribute for so much of his service as a constitutional officer before and after August 1, 1937, as is necessary, together with his judicial service, to aggregate 20 years of credited service. As we have previously pointed out, petitioner's combined service as a judge and as a constitutional officer between August 1, 1937, the effective date of the Judges' Retirement Law and the date of his retirement on September 30, 1959, is less than 20 years and is, in fact, 19 years, 4 months and 11 days. Respondent claims he is not authorized to accept petitioner's tendered contributions for service prior to August 1, 1937, under any provision of the retirement law, and, therefore, petitioner did not and could not have had at the time of his retirement "twenty or more years of service . . . for which he has contributed to the Judges' Retirement Fund." Hence, respondent claims that petitioner is not entitled to the 75 per cent allowance.

The only contributions to the fund provided by the Judges' Retirement Law, as here pertinent, are either by way of salary deductions under sections 75102 and 75103 while serving as a judge, or payments into the fund under section 75030.5 so as to receive retirement eligibility for service as a constitutional officer or public legal officer. And, as we have pointed out, the only contribution provided for in section 75030.5 is a "sum equal to the amount which would have been deducted from his salary and paid into the fund pursuant to section 75102 had he been a judge during the time for which he elects to receive credit for service." Had petitioner been a judge before August 1, 1937, no deduction from his salary would have been made prior to August 1, 1937, hence section 75030.5

furnishes no basis for the computation for contributions to the fund for service prior to August 1, 1937, as a constitutional officer or public legal officer. The only period of petitioner's service as a constitutional officer for which contributions "would have been deducted from his salary" had he been a judge began with the effective date of the retirement law on August 1, 1937, and ended with the end of his term as an assemblyman on or about December 31, 1938.

It is clear that section 75030.5 does not permit an election to convert noncontributive services, either judicial or non-judicial, rendered prior to August 1, 1937, into services upon which a contribution may be made. That section expressly provides that a judge previously serving as a constitutional officer or as a public legal officer "has a right to elect . . . to make contributions *pursuant to this section*" (emphasis supplied) and, as we have shown, the only contributions provided for in the section embrace such time as contributions "would have been deducted from his salary" had he been a judge.

Petitioner's right to make contributions to the fund for service rendered as a constitutional officer prior to August 1, 1937, so as to entitle him to a 75 per cent allowance under section 75076, must then be found, if at all, in that section. The only reference to contributions in that section is that part which reads "if upon retirement a judge has received credit for 20 or more years of service . . . *and for which he has contributed to the Judges' Retirement Fund*" (emphasis added) he shall receive the 75 per cent allowance. The section does not provide for a contribution for any 20 or more years of service, but only for the 20 or more years of service "for which he has contributed" which can only mean service subject to contribution since August 1, 1937. If the Legislature had intended to permit a contribution under section 75076, other than as otherwise established in the Judges' Retirement Law, the formula for computing the amount of such contribution would have been spelled out as is the formula in section 75030.5. It is presumed that the Legislature in enacting section 75076 knew the existing law, that is, that service rendered prior to August 1, 1937, did not require the payment of contributions. If it was intended that service prior to August 1, 1937, could be converted into service upon which contributions could be paid, it would have been simple so to provide. But it is not so provided in said section. If the Judges' Retirement Law does not provide for the conversion

of noncontributable service to service upon which contributions have or can be made, no such privilege exists.

Nothing said herein is to be construed as expressing an opinion concerning the petitioner's right to a 75 per cent allowance under subdivision (b) of section 75076, as amended in 1960 (Stats. 1960, ch. 25) and effective July 7, 1960.

The alternative writ of mandate is discharged and the peremptory writ of mandate denied.

Fox, P. J., and Ashburn, J., concurred.