[Civ. No. 46281. Second Dist., Div. Three. Nov. 26, 1975.]

F. E. CAMPBELL, Plaintiff and Respondent, v.
BOARD OF DENTAL EXAMINERS,
Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, and Earl R. Plowman, Deputy Attorney General, for Defendant and Appellant.

Kindel & Anderson, Roy E. Potts, Robert J. Kane and Michael L. Wolfram for Plaintiff and Respondent.

**OPINION**

**COBEY, Acting P. J.**—The sole question posed by this appeal is whether the use by a dentist of a picture of his own face, or that of a professional announcer, in his advertising in any visual medium (be it newspapers, magazines, television or the "Yellow Pages") constitutes unprofessional conduct in view of the language of Business and Professions Code section 1680, subdivision (n),[1] defining unprofessional conduct as including "The use of advertising containing as a part thereof the representa-

---

[1]This subdivision was formerly subdivision 14. It is part of the Dental Practice Act (Bus. & Prof. Code, § 1600 et seq.).

tion of a tooth, teeth, bridgework or any portion of the human head." The trial court answered this question in the negative in its summary judgment under appeal. For reasons hereafter stated, we hold this answer to be correct, notwithstanding a recent Attorney General's opinion to the contrary. (56 Ops.Cal.Atty.Gen. 284 (1973).)

This question is purely one of statutory construction or the ascertainment of the intent of the Legislature in enacting the subdivision. The language in question was added to the Dental Practice Act of 1915 by amendment in 1935. (Deering's Gen. Laws, 1915, Act 922, § 13, subd. (3), p. 259; Stats. 1935, ch. 147, § 13, subd. (3), p. 781.) This amendment was proposed by representatives of the California Dental Association, including one Roy A. Green, D.D.S. Dr. Green was familiar with various statutes in other states on the subject, including in particular one in Delaware which added to language similar to that here in dispute the words "or photographs of any person." Advertising by use of the face of the dentist, at least in the Yellow Pages, was apparently little used by California dentists in 1935. Its use in such pages has since increased greatly—perhaps peaking in 1967. Apparently it is currently quite popular in television advertising.

Appellant (the State Board of Dental Examiners) contends that the language in dispute plainly prohibits a dentist advertising through depiction of his own face or the face of a professional announcer as the face is indisputably a "portion of the human head." Respondent dentist (Dr. F. E. Campbell) replies that the words "any portion of the human head" must be read in conjunction with that which immediately precedes them in the statute—namely, "the representation of a tooth, teeth, bridgework or" and that, under the *ejusdem generis* canon of construction,[2] what is prohibited is the representation of any portion of the human head featuring a tooth, teeth or bridgework—the product and the work area of a dentist—whether that portion be a jaw, a chin, a cheek, a nose, etc.

The language of the subdivision is reasonably susceptible to either meaning. We must therefore look beyond the language itself for the legislative intent incorporated therein. The legislative author of the bill

[2]Under this canon where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated. (See *Scally* v. *Pacific Gas & Electric Co.*, 23 Cal.App.3d 806, 819 [100 Cal.Rptr. 501]; see also Civ. Code, § 3534 ("particular expressions qualify those which are general").)

(Assem. Bill No. 990 (1935 Reg.Sess.)) which added the subdivision, declared below that the purpose of the subdivision was "to eliminate dental advertising containing either portrayals of uncorrected dental conditions or demonstrations of completed dental work or both" and that he was concerned about the type of dental advertising prevalent at the time which featured disgusting representations of untreated dental conditions either alone or in conjunction with other drawings or pictures of perfect mouths as they appeared supposedly after having been worked on by the advertising dentist.

Appellant challenges the admissibility and the probative effect of the foregoing evidence. ■ We regard the quoted portion, though, as being both admissible and persuasive. Granted that legislative intent is collective in nature, a generally reliable indication of such intent is, nevertheless, the individual intent of the author of the bill since he is the one who normally presents the bill for consideration at all legislative committee hearings and on the floor of his own house.[3] Furthermore the quite limited use in 1935 of advertising containing the faces of dentists and the apparent use then of rather repulsive pictures and drawings of dental work and work area point to the latter practice rather than to the former practice as the evil that the Legislature sought to eliminate by means of the subdivision. Finally, we cannot believe that the omission of the express language of the Delaware statute (banning all photographs of persons) from the bill was other than deliberate in view of the fact that this express language was known to one of those representing the California Dental Association in its sponsorship of the bill in the California Legislature.[4]

The judgment is affirmed.

Allport, J., and Potter, J., concurred.

[3]A bill's author's statement of its purpose, when contemporaneous, serves much the same function as a committee report on the bill. (Cf. *Rich* v. *State Board of Optometry*, 235 Cal.App.2d 591, 603 [45 Cal.Rptr. 512].) Such a statement, even though noncontemporaneous, would appear to be admissible. (See *Friends of Mammoth* v. *Board of Supervisors*, 8 Cal.3d 247, 257-258 [104 Cal.Rptr. 761, 502 P.2d 1049].) It constitutes some indication at least of the probable intent of the Legislature. (See *Jennison, Exr.* v. *Kirk* (1879) 98 U.S. 453, 460 [25 L.Ed. 240, 243]; *United States* v. *Rehwald* (S.D. Cal. 1930) 44 F.2d 663.)

[4]We note that the Oregon statute, upon which the California statute was apparently modeled, contains one subdivision similar in language to the one here in controversy and another expressly prohibiting any representation of a dentist's face in advertising which representation is older than five years. (Ore. Rev. Stats., § 679.140 (2), subds. (h), (r).)