[Civ. No. 50347. Second Dist., Div. Two. May 20, 1977.]

WILLIAM H. ROSENTHAL et al., Plaintiffs and Respondents, v. KENNETH CORY, as State Controller, Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, and John J. Crimmins, Deputy Attorney General, for Defendant and Appellant.

William H. Levit, William H. Levit, Jr., and Hughes, Hubbard & Reed for Plaintiffs and Respondents.

**OPINION**

**COMPTON, J.**—Defendant, the Controller of the State of California, appeals from a judgment of declaratory relief in favor of plaintiffs who are all judges of courts of record of various levels within the state. Six of the plaintiffs served in the state Legislature prior to assuming their judicial offices and one had previous service as a judge of a justice court.

The "Judges' Retirement Law" (hereinafter "the law") (Gov. Code, § 75000 et seq.) provides a basic pension plan for judges of courts of record in this state who qualify on the basis of attaining a specified age in combination with a specified number of *"years of service as a judge."* (Gov. Code, § 75025.) In computing these years of service, judges, who formerly served in the Legislature or on an "excluded court" such as a justice court, are entitled, under certain conditions, to include such service as part of their "years of service as a judge." (Gov. Code, §§ 75029, 75030.5.)

In 1973 the retirement law was amended to include the addition of Government Code section 75033.5 which permits a judge with a minimum of 5 years "service" and prior to attaining age 70, to retire and receive a pension when he reaches the age at which he would have been able to retire had he continued to serve as a judge until that age.

 On this appeal we are asked to decide whether the term "service" as used in section 75033.5 is identical to "service" under section 75025 of the Government Code, which includes the nonjudicial components of service in the Legislature or service on an "excluded court." We hold that it is.

■ The cardinal principle of statutory construction is that the court should ascertain the intent of the Legislature so as to effect the purpose of that law. (*East Bay Garbage Co.* v. *Washington Township Sanitation Co.,* 52 Cal.2d 708 [344 P.2d 289].) The statute in question should be construed with due regard to the ordinary meaning of the language used and *in harmony with the whole system of law of which it is a part.* (*Anaheim Union Water Co.* v. *Franchise Tax Bd.,* 26 Cal.App.3d 95 [102 Cal.Rptr. 692].)

■ The aggregate legislation comprising the Judges' Retirement Law must be viewed as an integrated whole with a single objective and all parts must be construed to harmonize the legislative scheme and to attain the legislative objective. (*Wemyss* v. *Superior Court,* 38 Cal.2d 616 [241 P.2d 525]; *Ivens* v. *Simon,* 212 Cal.App.2d 177 [27 Cal.Rptr. 801].) That law contains numerous and varied provisions, construction of which requires reference to other provisions for definition of terms.

Government Code section 75001 states that "Unless the context otherwise requires, the definitions and general provisions [of art. I of the law] govern the construction of [the law]." Section 75002 defines a "judge" as judge or justice of a court of record. Section 75004 defines "service" as "the period of time a person has held office as a judge [of a court described in section 75002]."

In 1953, contemporaneously with the enactment of the aforementioned, the Legislature set forth in section 75025 requirements for eligibility for retirement based on age and "years of service as a judge." Also in that same year section 75029 included service on an "excluded court" as "service as a judge." In 1957, prior service in the Legislature became a component of "service as a judge." (Gov. Code, § 75030.5.)

Subsequently the law was amended on several occasions to increase the benefits thereunder in various ways and prior to the development of the present controversy both the courts of this state and the Attorney General had accepted without question the applicability of the "tack on" provision in computing the length of service for both the basic and additional benefits. (See *Clark* v. *Cranston,* 182 Cal.App.2d 645 [6 Cal.Rptr. 358]; 31 Ops.Cal.Atty.Gen. 204; 34 Ops.Cal.Atty.Gen. 198; 40 Ops.Cal.Atty.Gen. 207.)

■ The Legislature is presumed to know the existing law and have in mind its previous enactments when legislating on a particular subject. (*Clark* v. *Cranston, supra.*) Against this history and background then we examine the language of Government Code section 75033.5 enacted in

1973 and add our emphasis to the phrases we consider significant. That section reads in pertinent part: "[A]ny judge with at least five *years of service,* and prior to attaining age 70, may retire, and upon his application therefor to the State Controller after reaching the age which would have permitted him to retire for age and length of *service under Section 75025* had he remained continuously in service as a judge up to such age, receive a retirement allowance based upon the *judicial service as a judge of a court of record, with which he is credited, in the same manner as other judges, . . .*"

This litigation was precipitated by the language of that section *"based upon the judicial service as a judge of a court of record,"* and an Attorney General's opinion provided to the Controller to the effect that because of that phrase the "tack on" provisions of the basic retirement system, did not apply. (Italics added.)

The Controller in focusing on the phrase "service as a judge of a court of record" and contending that that language is explicit, restrictive and unambiguous adopts an overly narrow view of the statute and erroneously ignores the ensuing phrase "with which he is credited in the same manner as other judges" the use in that same statute of the term "service" without specific modification and the phrase "service under Section 75025."

That view also runs contra to the legislative trend of liberalizing rather than restricting retirement benefits—which trend is manifested in the numerous other provisions of the "Judges' Retirement Law."

The Controller contends that if the Legislature had intended the "tack on" provisions of sections 75029 and 75030.5 to be included in section 75033.5, it would have specifically so provided. We are of the opinion that the Legislature did so provide in its use of the above emphasized reference to "service," "service under Section 75025" and "with which he is credited, in the same manner as other judges."

"Service under Section 75025" and "service" under section 75004 does include the non-judicial components of section 75029 and 75030.5 as does "service" as used in all other provisions of the act. The absence of express exception in either section 75033.5, section 75029 or section 75030.5 leads unerringly to the conclusion that the Legislature intended the definition to continue to pervade the entirety of the law. The phrase in section 75033.5 "service as judge of a court of record" is no more restrictive than the combined effect of section 75002 and section 75004 which are the controlling definitions.

Additionally, we find persuasive support for the trial court's decision and our decision in the testimony of Senator Deukmejian, the author of the bill which became Government Code 75033.5. That testimony was to the effect that he intended the "tack on" provisions to be included in that statute. ▮ While not conclusively controlling, an author's statement of intent is highly probative on the question. (*Campbell* v. *Board of Dental Examiners,* 53 Cal.App.3d 283 [125 Cal.Rptr. 694]; *Friends of Mammoth* v. *Board of Supervisors,* 8 Cal.3d 247 [104 Cal.Rptr. 761, 502 P.2d 1049].)

Furthermore the Legislative Counsel's digest which accompanied the bill (Sen. Bill No. 217) stated "Senate Bill 217 provides judges who resign prior to age 70 with at least 5 years of *service* may elect to receive specified retirement allowance and survivors benefits upon reaching permissible retirement age." The term "service" again is unmodified and comports with our analysis of the statute.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.