[Sac. No. 5215. In Bank.—January 9, 1939.]

MARY E. MERKLEY, Appellant, v. WALLACE S. MERK-
LEY et al., Respondents.

J. J. Henderson for Appellant.

Huston, Huston & Huston and J. H. Laugenour for Respondents.

SHENK, J.—The plaintiff sued for a declaration of the rights and liabilities of the respective parties pursuant to certain contracts, assignments and transfers, and for other relief including a money judgment for services claimed to have been performed. The trial court denied the declaratory and other relief and rendered judgment for the defendants. The plaintiff appealed from the judgment.

Charles H. Merkley, the father of the defendants Wallace S. Merkley, Alan R. Merkley and Charlotte Merkley Hinkley, died in 1916 leaving about 105 acres of improved farming land in Yolo County of which the defendants became the owners in equal shares. In September of 1917 the plaintiff and the defendant Alan Merkley married. For about ten years following the father's death, an uncle who was made executor of the estate, with the active assistance of Alan Merkley, managed the farm. Their management was not entirely satisfactory and the bank was threatening the foreclosure of mortgages. It became necessary to raise funds to dis-

charge the obligations of the estate arising in part out of the threatened foreclosures and in part required to settle the claims of a widow and minor children of the deceased by a second marriage. For this purpose a loan of $38,000 was procured from a Sacramento bank. The loan was obtained on condition that Wallace Merkley have the management and control of the properties free of any interference by the other members of the family. In order to carry out the condition, Alan Merkley and Charlotte Merkley Hinkley, in November, 1926, assigned and conveyed all of their interest in the property to Wallace Merkley. About the same time, in the course of the administration of the estate, a probate sale of the property to Wallace Merkley, with a stated consideration or purchase price of $30,000, was confirmed by the probate court.

In January, 1927, Wallace Merkley executed a deed conveying two-thirds interest in the property to Alan Merkley and Charlotte Merkley Hinkley, which, together with another executed document, he deposited with Harry L. Huston, an attorney at law. The additional document specified three contingencies upon the happening of any of which the deed should be delivered to the grantees named therein. The first was in the event of Wallace's death; the second, the payment in full of the indebtedness against the lands; and the third, at the expiration of five years provided the second parties assumed or paid two-thirds of such indebtedness. The instrument provided that prior to the happening of any of such events Wallace Merkley should be the owner of the property and be in full control thereof without any interference by the brother or sister. It stated further that Wallace Merkley would exhibit to his brother and sister annual accounts of receipts and disbursements; that he should have the right to pay out, in addition to the usual and necessary expenses and indebtednesses against the lands, $75 per month to himself, $75 per month to Alan Merkley, and $25 per month to Mrs. Alan Merkley, provided each of them continued to render the services then being performed in the operation and conduct of the farm, and that such payments "shall not be made until the other indebtedness is taken care of as provided for in such manner as to insure the operation of said properties in the same manner as they are now being done".

The instrument was also signed by the brother and sister of Wallace Merkley.

The record shows that the two brothers and the plaintiff continued to live on the place. The plaintiff's services appeared to consist of boarding Wallace, cooking for hired help, and other general housewifely duties in the home and garden. Wallace Merkley was married in February, 1935, whereupon he moved from the farm. (Wallace Merkley died while the appeal herein was pending, and his administratrix has been substituted as a defendant in his place.)

In June, 1936, the plaintiff herein brought an action for divorce against Alan Merkley, wherein an interlocutory decree of divorce was granted to her on February 5, 1937. By that judgment she was awarded the custody of the three minor children of the spouses and $150 a month for support. She also received personal property consisting of an automobile and household furniture, while the defendant was awarded 200 tiers of wood designated as community property. In that action the trial court specifically found that the defendant owned as his separate property a one-third interest in the real property herein referred to, but no adjudication as to this interest was carried into the judgment. No appeal was taken from that judgment and it has become final.

On March 18, 1937, the plaintiff filed the present action. The purpose in bringing the action was two-fold: To obtain a declaration that the defendant Alan Merkley owns a one-third interest in the farm property; and to recover a balance of $1828.42 alleged to be due for services performed by the plaintiff at $25 per month. The plaintiff depends on the instruments hereinabove described and the circumstances surrounding their execution to establish her right to maintain the causes of action alleged. She contends that the maintenance of the cause of action for declaratory relief is necessary to protect her rights and the rights of the minor children in the event the defendant Alan Merkley should at some future time default in payments of alimony or support, whereupon by virtue of the declaratory relief, any money judgment which she would recover against Alan Merkley would become a lien upon such property to the extent of his interest therein.

In their answer the defendants pleaded the judgment in the divorce action as a bar to the declaratory relief.

█ Section 1060 of the Code of Civil Procedure provides that "Any person interested under a deed, will or other instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including any question of construction of validity arising under such instrument or contract."

The plaintiff must show that the conditions exist which will justify the court in exercising its discretion to grant the relief sought. That she has not done so is obvious. █ There is no instrument under which the plaintiff may make a claim; that is, there is no justiciable controversy existing between the parties plaintiff and defendant and therefore the situation has not developed which would require a construction of any instrument introduced in evidence and relied on by the plaintiff. There is no more than a conjecture or supposition on her part that at some time in the future a controversy may arise wherein she might become interested in having adjudicated the defendant Alan Merkley's interest under those documents. The facts in the record present an academic question only. The courts will not exercise the discretionary power to declare rights which do not give rise to a present controversy. (Code Civ. Proc., sec. 1061; R. C. L., Perm. Supp., p. 3957; 5 Cal. Jur. Ten-year Supp., p. 108 et seq.) The trial court did not abuse its discretion in deciding that the plaintiff did not state or prove a cause which would entitle her to declaratory relief.

█ Inasmuch as the mere ownership of the property did not present a justiciable controversy, any statement of the trial court purporting to find or conclude that the defendant Wallace Merkley was the sole owner of the land described in the complaint should not be deemed to preclude a hearing upon such issue whenever it may be offered in a proper case.

█ Nor should any unfavorable inference be drawn from the finding of the trial court that the judgment in the divorce action constituted a bar. That is to say, because such judgment did not expressly award to the plaintiff a lien for any future unpaid alimony upon the interest found in that action

to belong to the defendant, it is not to be deemed to preclude the plaintiff's establishing such lien in an appropriate proceeding.

■ There is no merit in the plaintiff's contention that the record does not support the trial court's finding and conclusion that there was nothing due to the plaintiff for services alleged to have been performed by her. The record shows checks in varying small sums received by the plaintiff from Wallace Merkley between April 20, 1927, and October 31, 1934, totaling about $677. The plaintiff claimed that for the eight-year period between February, 1927, and February, 1935, there became due to her a total of $2,400, upon which the amounts actually received should be considered as payments on account. The plaintiff relies on *Mitau* v. *Roddan*, 149 Cal. 1, 14 [84 Pac. 145, 6 L. R. A. (N. S.) 275], to the effect that the conduct of the parties under a contract will be considered in construing and applying its practical effect. That is, the plaintiff argues that the fact that sums were paid to her apparently pursuant to the understanding outlined in the instrument executed by the brothers and the sister, is evidence of a contract to pay her $25 per month, and also serves to construe favorably to her contentions the somewhat ambiguous language from that instrument above quoted. The same authority, however, is also relied upon by the defendants, and we think, correctly. Indulging all inferences favorable to the plaintiff, it is nevertheless apparent from the written documents and from the conduct of the parties that monthly payment to the plaintiff was not contemplated unless the revenues from the operations of the farm should permit it. The trial court was justified in concluding from the evidence that the revenues in some years were inadequate and that the conduct of the parties indicated that there was no binding agreement to pay the plaintiff for her services. The conduct evidenced by the making of smaller payments to her during the greater portion of the period stated, by the fact that there were many months when no payments were made, and by the fact that in 1934 payments ceased altogether without demand or other claim to payment until the present action was filed, serves to indicate the correct interpretation to be placed upon the writing, and furnishes additional support

for the conclusion and judgment herein that the plaintiff was not entitled to recover the balance claimed to be due.

Other points do not require discussion.

The judgment is affirmed.

Curtis, J., Edmonds, J., Langdon, J., Seawell, J., Waste, C. J., and Houser, J., concurred.