[Civ. No. 14689.   First Dist., Div. Two.   May 1, 1951.]

ASSOCIATED BOAT INDUSTRIES OF NORTHERN CALIFORNIA (a Corporation), Appellant, v. KENNETH E. MARSHALL, as Yacht and Ship Broker Commissioner, Respondent.

Sefton & Quattrin for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant, Associated Boat Industries of Northern California, is a nonprofit corporation whose membership comprises builders and distributors of, and dealers in, new boats, ships and yachts. Appellant filed a complaint for declaratory relief in which it sought a court determination of the invalidity of certain regulations adopted by respondent, as Yacht and Ship Broker Commissioner.

Appellant purported to bring its action under Government Code, section 11440, reading in part:

"Any interested person may obtain a judicial declaration as to the validity of any regulation by bringing an action for declaratory relief in the superior court in accordance with the provisions of the Code of Civil Procedure. . . ."

A demurrer was sustained on the ground that appellant is not an "interested person" within the meaning of this section. From the judgment which followed this appeal is taken.

█ The only question presented is whether an incorporated trade association whose members are subject to the regulations attacked, but which itself is not subject to those regulations, is an "*interested* person" within the meaning of this section. We have concluded that it is not.

The Legislature, in using the words "any interested person" had before it long established legislative precedents which make it clear that an "interested person" in the sense in which those words are used in the statute is a person having a direct, and not a merely consequential, interest in the litigation.

With the adoption of "An Act to Regulate the Settlements of the Estates of Deceased Persons" in 1851 (Stats. 1851, p. 448) "any person interested" came into statutory use in California to describe those persons who may contest the probate of a will (Stats. 1851, § 18, p. 450 and § 30, p. 451). Those words have ever since continued in the succeeding statutes governing this subject. (Prob. Code, §§ 370, 380.) Those sections have always been construed to require a direct and primary interest in the testator's estate. "It is settled that an interested person is one who has 'such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside . . .' " (*Estate of Plaut,* 27 Cal. 2d 424, 425-426 [164 P.2d 765, 162 A.L.R. 837]; 26 Cal.Jur., Wills, § 344, pp. 1083-1085.)

Similarly Code of Civil Procedure, § 387, permits intervention by "any person, who has an interest in the litigation." it is settled that to come within this section "(t)he interest . . . must be direct and not consequential, and it must be an interest which is proper to be determined in the action. . . ." (*Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 P. 793, 1101].) "The interest mentioned in the code which entitles a person to intervene . . . must be . . . of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." (*Elliott*

v. *Superior Court,* 168 Cal. 727, 734 [145 P. 101]; *Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661, 663 [91 P.2d 599]; *Bechtel* v. *Axelrod,* 20 Cal.2d 390, 392 [125 P.2d 836].)

The Legislature is presumed to know the court decisions construing similar language in other statutes and "where legislation is framed in the language of an earlier enactment on the same or an analogous subject, which has been judicially construed, there is a very strong presumption of intent to adopt the construction as well as the language of the prior enactment." (*Union Oil Associates* v. *Johnson,* 2 Cal.2d 727, 734-735 [43 P.2d 291, 98 A.L.R. 1499].)

That the Legislature itself knew how to draw the distinction between an "interested person" and a "representative" of such person is shown by section 11425, Government Code, enacted as a part of the same statute, which requires the agency in adopting regulations to "afford any interested person or his duly authorized representative, or both, the opportunity to present statements, arguments or contentions. . . ." Appellant's standing is a purely representative one, acting on behalf of its members, since appellant is not itself subject to the regulations sought to be attacked and can not be legally affected by their enforcement. We are satisfied that it is not an "interested person" within the meaning of the section under which it attempted to proceed.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.