[Civ. No. 22898.   Second Dist., Div. Three.   Dec. 10, 1958.]

RICHARD M. PITTENGER et al., Appellants, v. HOME SAVINGS AND LOAN ASSOCIATION OF LOS ANGELES (a Corporation) et al., Respondents.

Early, Maslach, Foran & Williams, Darling, Shattuck & Edmonds and Douglas L. Edmonds for Appellants.

McKenna & Fitting and Harvey A. Harkness for Respondents.

SHINN, P. J.—Plaintiffs appeal from a judgment sustaining defendants' special defense that plaintiffs' action for declaratory and injunctive relief had become moot and presented no actual or justiciable controversy, and decreeing that plaintiffs take nothing against any of the defendants by their amended and supplemental complaint.

Home Savings and Loan Association held the note of plaintiffs for $25,000, secured by deed of trust to Title Insurance and Trust Company, as trustee. The deed of trust contained provisions obligating the trustors to provide and maintain in force fire and other types of insurance as may be required in amounts satisfactory to the beneficiary, and providing further that the insurance policies should be in form and content and in such companies as may be "satisfactory to the beneficiary."

Plaintiffs' original complaint herein named Home and the

trustee under the deed of trust as defendants; and there can be no doubt that the allegations of said original complaint were sufficient to show that, at and prior to the time of the filing of the original complaint, an actual controversy existed between plaintiffs and the defendant, Home, relating to their respective legal rights and duties under the aforestated provisions of the deed of trust.[1]

The sole point of disagreement was that Home claimed that it had an unrestricted right to select the insurer and form of policy and to reject any other, while plaintiffs claimed that Home did not have the right to reject a proferred policy without good cause and upon reasonable grounds.

Subsequent to the filing of said original complaint and during the pendency of the action, Home, however, sold and transferred the note and deed of trust to defendant, Western Mortgage Corporation, hereinafter called "Western." Full value was paid by Western to Home for the note and deed of trust. Further explanation will be made hereinafter as to the status of the litigation and as to a separate agreement, later cancelled, which was entered into between Home and Western at the time of said sale and transfer.

Shortly after its purchase of the loan Western notified plaintiffs that it would accept insurance coverage furnished by plaintiffs in an acceptable amount issued by a carrier satisfactory to Western, and plaintiffs thereupon delivered to Western the fire insurance policy written by Fire Insurance Exchange which it had previously tendered to Home. Western accepted said policy, and subsequently Western likewise accepted a broader home owners' policy issued by Fire Insurance Exchange, which policy was provided by plaintiffs in substitution for the aforementioned fire insurance policy.

Plaintiffs filed an amended and supplemental complaint adding Western as a party defendant pursuant to order of court authorizing the filing thereof, and after various proceedings Western and the trustee filed a joint answer and

[1] The gist of the original complaint was that Home had refused to accept a fire insurance policy in adequate amount tendered by plaintiffs to provide fire insurance on the property; that the tendered policy was issued by Fire Insurance Exchange, a duly licensed interinsurance exchange with ample assets and highest insurance rating; that the refusal of Home to accept the tendered policy was unreasonable, arbitrary, discriminatory and contrary to public policy; and that an actual controversy existed between plaintiffs and Home relating to the legal meaning and effect of the insurance provisions of the deed of trust and to the respective legal rights and duties of plaintiffs and Home under said provisions.

Home filed its separate answer thereto. In addition to various denials and allegations said answers tendered a special defense that the action had become moot and presented no actual or justiciable controversy by reason of the sale and transfer of the note and deed of trust to Western and Western's acceptance of the tendered Fire Insurance Exchange's policies. Defendants thereafter moved for an order that the special defense of mootness be tried before the trial of any other issue. Said motion was granted and the cause went to trial on said special defense.

Evidence was presented by defendants; plaintiffs offered none. The court found, among other matters, that Western had become and was the sole owner of the note and deed of trust, that Home no longer had any right, title or interest thereto or therein, and that Western had accepted all insurance policies tendered by plaintiffs. The court concluded that the action had become and is moot and presented no actual or justiciable controversy. In accordance therewith judgment was rendered that plaintiffs take nothing by their amended and supplemental complaint.

The trial court found that Western had purchased the note and deed of trust with the intention of selling the same to Metropolitan Life Insurance Company in accordance with Western's normal business practice and that Western and Home had entered into a warranty and repurchase agreement providing in part that Western at its option might require Home, or Home at its option might elect, to repurchase the loan in the event Western was prevented from effecting sale to Metropolitan Life; that Western later decided to retain said note and deed of trust for its own account as a company investment and that prior to the trial the aforesaid warranty and optional repurchase agreement was cancelled by mutual written agreement of Western and Home.

Plaintiffs first contend that the declaratory judgment statute required the trial court to determine the rights and obligations of the parties and that it was accordingly error for the trial court herein to dispose of the cause by rendering a judgment which was in essence a judgment of dismissal.

This contention is based on *Essick* v. *City of Los Angeles,* 34 Cal.2d 614, 624 [213 P.2d 492], *Petersen* v. *Ridenour,* 135 Cal.App.2d 720, 728 [287 P.2d 848], and other similar cases cited therein. The Essick, Petersen and other like cases have no pertinency to the situation presented in the instant case.

No defense or issue that the controversy and action had become moot was involved in any of those cases and all that they hold is that where an actual controversy exists the complainant in a declaratory action is entitled to a judgment determining his rights, even though the only determination to which he is entitled may be an adjudication that he has no rights. An entirely different situation is involved where the defense is raised that the matter is or has become moot.

By the express terms of section 1060 of the Code of Civil Procedure the court is only empowered to declare and determine the rights and duties of the parties ''in cases of actual controversy relating to the legal rights and duties of the respective parties.''

It would be an idle action on the part of a trial court to make a declaration of the rights and duties of the parties where the controversy is or has become moot and no actual controversy exists relating to their legal rights and duties (*Fritz* v. *Superior Court*, 18 Cal.App.2d 232, 236 [63 P.2d 872] ; *Conroy* v. *Civil Service Commission*, 75 Cal.App.2d 450, 454-455 [171 P.2d 500] ). An action for declaratory relief should be dismissed where it appears that no justiciable controversy exists. (*Fritz* v. *Superior Court, supra.*) Accordingly, if the trial court was correct in its conclusions that the matter had become moot and that no actual or justiciable controversy existed, it had no duty to proceed to determine the rights and duties of the parties.

Plaintiffs contend that the matter has not become moot. It is urged that the voluntary discontinuance of allegedly wrongful conduct does not destroy the justiciability of a controversy based upon such conduct. As an abstract proposition this is undoubtedly true although it is subject to the qualification that the case may nevertheless be considered moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. (*United States* v. *W. T. Grant Co.*, 345 U.S. 629, 632-633 [73 S.Ct. 894, 97 L.Ed. 1303].) However, the question of whether or not the mere voluntary discontinuance of alleged wrongful conduct will operate to make a controversy moot is not the true or essential question involved under the factual situation present in the instant case.

The defendant Home, which is the only defendant herein charged with alleged wrongful conduct, has done something different from mere cessation of the alleged conduct. For a full and adequate consideration it sold the loan to

Western and thereby divested itself of all further power to continue or repeat its questioned conduct. Under these circumstances plaintiffs seek a determination of rights as against Home under a contractual relationship which has become nonexistent. As to Western the case is solely based on mere conjecture and speculation that a determination of the rights and duties of plaintiffs and Western under the insurance provisions of the deed of trust may become necessary at some future time.

Despite the foregoing facts it is urged that the note and deed of trust herein are for a term of 20 years; Western and the trustee as well as Home have asserted in their answers that the beneficiary is the sole judge of its satisfaction with the form and content of tendered insurance policies and of its satisfaction with the company or companies issuing said policies; Western may decide at any time that it should have a different form of insurance written by a different insurer or may transfer the obligation to Home or some other assignee; equity should not leave plaintiffs helpless under a contract which binds them for 20 years under terms and conditions which have been, and in the future may be, construed and applied capriciously and discriminatorily and that under the circumstances plaintiffs are entitled to a declaration of the rights and duties of the respective parties.

Although a controversy may not be deemed moot where there is a reasonable expectation that the wrong will be repeated (*United States* v. *W. T. Grant Co., supra,* 345 U.S. 629), there was no evidence whatever that there was a reasonable expectation that the wrong, if any, will be repeated.

█ The instant case falls within the rule enunciated in *Merkley* v. *Merkley,* 12 Cal.2d 543, 547 [86 P.2d 89] : ". . . [T]he situation has not developed which would require a construction of any instrument introduced in evidence and relied on by the plaintiff. There is no more than a conjecture or supposition on [plaintiff's] part that at some time in the future a controversy may arise wherein [plaintiff] might become interested in having adjudicated the [defendant's] interest under those documents. The facts in the record present an academic question only. The courts will not exercise the discretionary power to declare rights which do not give rise to a present controversy." No declaration or determination was necessary or proper as between plaintiffs and Home or Western. There is not, nor is there likely to be, any con-

troversy between plaintiffs and the trustee, which holds title only as security.

The court determined that Home and Western acted in good faith throughout the transaction. Plaintiffs contend that the court should have inferred that they acted in bad faith. It is argued that the sale to Western was made for the purpose of defeating certain proceedings instituted by plaintiffs, namely, they had noticed a motion for leave to inspect Home's books and records which was pending at the time of the sale to Western; at that time there was in force the optional agreement under which Home might have repurchased the note; upon learning of the sale plaintiffs sought leave to amend their complaint by adding Western as a party defendant and their motion was granted; on that day Western decided to retain the loan for its own account and the warranty and optional repurchase agreement was abrogated. Plaintiffs do not question the right of Home to sell the note and to divest itself of all interest therein. However, with what would appear to be ample justification, they contend that the sale was merely a maneuver to end the controversy then existing between themselves and Home. But if it had that effect and rendered the controversy moot, it is immaterial that the transaction was entered into for that purpose. The exercise of a clear legal right cannot be impeached by evidence that it was prompted by a sly motive. (*Monahan* v. *Department of Water & Power*, 48 Cal. App.2d 746, 754 [120 P.2d 730].)

Finally, plaintiffs contend that there should have been a declaration of the rights of lenders and borrowers with respect to the force and effect of insurance clauses such as the one in question. Their amended complaint contained allegations that the situation involves the rights of thousands of borrowers from Home who have given deeds of trust containing identical provisions. There was no evidence as to the percentage or number of Home's loans that are secured by trust deeds having those provisions and no evidence of the existence of controversies over their meaning and effect. No doubt all business methods that are widely followed can be said to have a great public interest, but the courts have no general control over them, nor have they any duty but to declare and administer the law in controversies that are brought to them.

In this connection the observations of the court in *Campbell Soup Co.* v. *Martin*, 202 F.2d 398, 399 (3d Circuit, 1953), are pertinent. In that case, a farmer was enjoined from selling

his tomato crop in the open market in violation of a contract to sell to Campbell Soup Company. The lower court issued an injunction against the defendant and he complied with it. The Court of Appeals stated in part: ''In the argument of this case, counsel for appellant (Campbell) urges upon us an exception, sometimes enunciated, to the uniform refusal to consider a moot case. This exception is said to be the situation where the question is one of public interest. The authorities upon it are collected in a note, 132 American Law Reports 1185. Even if this exception were applicable in federal courts, we do not think this case falls within it. This matter is one which concerns a group of vegetable growers and a possible source for the sale of their products. It is no more a 'public matter' than any trade dispute.''

After examining plaintiffs' contentions and arguments at length we have no reason to doubt the correctness of the judgment.

The judgment is affirmed.

Wood (Parker), J., and Patrosso, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.