[Civ. No. 24076.   First Dist., Div. Three.   Jan. 18, 1968.]

BERNARD BURKE et al., Plaintiffs and Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and Respondents.

Herzstein, Maier & Carey and Kenneth S. Carey for Plaintiffs and Appellants.

Thomas M. O'Conner, City Attorney, and George E. Baglin, Deputy City Attorney, for Defendants and Respondents.

DRAPER, P. J.—This action for declaratory relief was dismissed after the sustaining of demurrer to the complaint without leave to amend. Plaintiffs appeal.

Plaintiffs own real property in the Diamond Heights section of San Francisco. Believing the improvements on their lands to be assessed at too high a figure for the 1965-1966 tax year, they applied to the supervisors, sitting as a board of equalization, for reduction. The assessment was reduced by 15 percent. Plaintiffs paid, under protest, the tax due upon this reduced assessment. They then brought this action for declaratory relief, and also commenced a mandamus proceeding (Code Civ. Proc., § 1094.5) to review the action of the board of equalization.

Insofar as the present complaint for declaratory relief is directed to the 1965-1966 assessment, the demurrer was properly sustained. The mandamus proceeding, which raised this precise issue, admittedly has been determined adversely to plaintiffs. No appeal was taken, and the judgment is now final. The time for filing an action to recover the taxes paid under protest has passed (Rev. & Tax. Code, § 5138). We do not understand appellants to contend that any justiciable issue remains as to the 1965-1966 assessment and tax.

They urge, however, that the true issue is not the 1965-1966 taxes, but "whether the assessment practices of the respondents and their assessors comply with the Constitution and Laws of California," without regard to any specific assessment. This assertion appears only in the briefs, and not in the complaint.

Declaratory relief is a broad remedy, and the rule that a complaint is to be liberally construed is particularly

applicable to one for declaratory relief (*Foster* v. *Masters Pontiac Co.*, 158 Cal.App.2d 481 [322 P.2d 592]). ■ The distinguishing characteristic of the action for declaratory relief is that it may be brought before an actual invasion of rights has occurred (2 Witkin, Cal. Procedure (1954) § 447).

■ But there are limits to the availability of the remedy. It will not lie to determine a matter which is or has become moot (*Pittenger* v. *Home Sav. & Loan Assn.*, 166 Cal.App.2d 32, 36 [332 P.2d 399]). ■ Nor is resort to it warranted when "[t]here is no more than a conjecture or supposition . . . that at some time in the future a controversy may arise . . ." (*Merkley* v. *Merkley*, 12 Cal.2d 543, 547 [86 P.2d 89]). ■ The controversy must be justiciable, as distinguished from a difference or dispute of a hypothetical or abstract character, and it must be definite, concrete and of a character which admits of specific and conclusive relief by judgment (*Monahan* v. *Department of Water & Power*, 48 Cal.App.2d 746, 751 [120 P.2d 730]; see also *Wilson* v. *Transit Authority*, 199 Cal.App.2d 716, 724 [19 Cal.Rptr. 59]; *Conroy* v. *Civil Service Com.*, 75 Cal.App.2d 450, 456 [171 P.2d 500]).

The complaint before us alleges that Russel L. Wolden was the assessor of San Francisco until May 28, 1966. Concededly, he was removed on that date. The complaint alleges that Joseph E. Tinney was appointed assessor May 31, 1966, less than a month before this complaint was filed. There is no suggestion, in complaint or briefs, of any assessment made by Mr. Tinney, or of any dispute with him. The only allegations of inequality of assessment refer specifically to the 1965-1966 assessment. Appellants' attack upon the "practice" or "policy" of the assessor obviously refers to acts or attitude of Mr. Wolden. ■ There is no basis for assumption that these practices or policies will be followed by his successor. Nor is there any reason to suppose that the supervisors, sitting as a board of equalization, and considering a new assessment of plaintiffs' property in its relation to a new assessment roll of all property in the city and county, would abuse its powers. We note, although we do not base our decision upon, the fact that San Francisco in 1967 appointed an assessment appeals board. That board will hereafter serve as the board of equalization (Const., art. XIII, § 9.5; Rev. & Tax Code, § 1603). Noted also are the changes in assessment procedure provided by statute (Stats. 1966, 1st Ex. Sess., ch. 147) approved July 8, 1966.

The action of assessor and board as to the 1965-1966 assessment has been affirmed by a judgment now final. To assume disregard of statutory mandate in assessments to follow would be but conjecture or supposition. The only possible declaration of future rights under this complaint would but reiterate in generalities the already mandatory requirements of the statutes. No justiciable issue is presented by the complaint, and the demurrer was properly sustained.

Judgment affirmed.

Salsman, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.