74 Cal.App.3d 150 (1977)
141 Cal. Rptr. 474
PACIFIC LEGAL FOUNDATION, Plaintiff and Appellant,
v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant and Respondent.
Docket No. 16442.
Court of Appeals of California, Third District.
October 19, 1977.
*152 COUNSEL
Ronald A. Zumbrun, John H. Findley and Sandra R. Johnson for Plaintiff and Appellant.
Evelle J. Younger, Attorney General, and Carol Hunter, Deputy Attorney General, for Defendant and Respondent.
OPINION
EVANS, J.
An unemployed gardener and home caretaker, Thurman Carroll, was denied unemployment insurance benefits by the Employment Development Department and an administrative law judge, for a two-week period in June 1975, on the ground that Carroll did not follow specific and reasonable instructions of the department to seek farm work, and his minimal efforts to find work indicated he was not available for work.
Upon Carroll's appeal from the ruling of the administrative law judge, defendant board issued Precedent Benefit Decision No. 292 (P-B-292) reversing that ruling and deciding that Carroll was not disqualified for benefits.
*153 Plaintiff foundation filed a complaint in superior court seeking a declaratory judgment to determine the validity of P-B-292. Defendant board answered and moved for judgment on the pleadings. After hearing on the motion, the court orally granted defendant's motion for judgment on the pleadings on the stated ground that plaintiff did not have "standing" to bring the action as an "interested person or organization," under Unemployment Insurance Code section 409.2.[1] The judgment which was thereafter entered on October 26, 1976, stated that "[t]he court finds that the complaint fails to state facts sufficient to constitute a cause of action." It was then ordered that the motion of defendant for judgment on the pleadings be granted and that plaintiff take nothing by its complaint. Although no demurrer was filed by defendant, the answer denied the allegations in the complaint that plaintiff is an "interested organization" under Unemployment Insurance Code section 409.2. Additionally, the notice of motion for judgment on the pleadings asserted a lack of jurisdiction in the cause of action challenging plaintiff's status under section 409.2 and that the pleading did not state facts sufficient to constitute a cause of action. It is therefore assumed by the court as well as by the parties that the judgment on the pleadings was rendered on both grounds. (See Dohrmann Co. v. Security Sav. & Loan Assn. (1970) 8 Cal. App.3d 655, 661-662 [87 Cal. Rptr. 792].)
On appeal, plaintiff contends that (1) it has demonstrated sufficient "interest" in the matter to give it standing to bring suit, and (2) it has stated facts in its complaint sufficient to constitute a cause of action relating to the merits or correctness of P-B-292.
P-B-292, which plaintiff challenges in its complaint, held that a 64-year-old unemployed home caretaker and gardener had satisfied the "seek work" and "availability" requirements of Unemployment Insurance Code section 1253, subdivisions (c) and (e), and was qualified for unemployment benefits.
(1a) Plaintiff asserts its right to bring the instant action for declaratory relief on the basis of pleading allegations which plaintiff argues establish it as an "interested organization" under Unemployment *154 Insurance Code section 409.2. (Fn. 1, ante, p. 153.) That section was enacted by the Legislature in 1975 (Stats. 1975, ch. 978, § 2), and has neither been amended nor construed by any reported decision of an appellate court.
Although the language utilized in Unemployment Insurance Code section 409.2 appears to be straight forward and unambiguous, allowing any interested person or organization to seek declaratory relief, the trial court did not so view the legislation. It is thus incumbent upon us to determine the meaning and intent ascribed to the section by the Legislature at the time of the enactment.
The defendant asserts that plaintiff, Pacific Legal Foundation, a nonprofit California corporation, is not an interested organization entitled to pursue an action in declaratory relief as authorized by section 409.2.
The terms "interested person" or "interested organization" may be considered interchangeable and have been the subject of prior decisional interpretation, upon judicial consideration of Code of Civil Procedure section 1060, the general declaratory relief statute referred to in Unemployment Insurance Code section 409.2 and Government Code section 11440, allowing any interested person to "obtain a judicial declaration as to the validity of any regulation by bringing an action for declaratory relief in the superior court...."
In Residents of Beverly Glen, Inc. v. City of Los Angeles (1973) 34 Cal. App.3d 117, 125 [109 Cal. Rptr. 724], the term "interested person" as used in Government Code section 11440 and Code of Civil Procedure section 1060 was determined to be identical in use and should be so construed. Government Code section 11440 refers to the declaration relief provision of the Code of Civil Procedure as does Unemployment Insurance Code section 409.2.
(2) We acknowledge the fundamental principle that when a regulation (the precedent benefit decision) is challenged, the person asserting the challenge must be a person or organization who is subject to the regulation or affected by it. (American Friends Service Committee v. Procunier (1973) 33 Cal. App.3d 252, 255 [109 Cal. Rptr. 22].) (1b) By its complaint, plaintiff alleges that it employs 32 persons. Such employees are subject to dismissal and have the right of personal termination of *155 employment. They are therefore eligible, under the Unemployment Insurance Code, to seek unemployment insurance. As such, the employer as well as the employee are affected by precedent benefit decisions relating to eligibility for insurance. Although P-B-292 is not directly addressed to plaintiff as a party, its effect may be applicable to it in the future in the event of termination of employment by an employee. (See Sperry & Hutchinson Co. v. Cal. State Bd. of Pharmacy (1966) 241 Cal. App.2d 229 [50 Cal. Rptr. 489].)
The defendant ascribes to the term "interested organization" a much more restrictive interpretation. It alleges that the interested organization, in order to bring the declaratory relief proceeding authorized by section 409.2, must have an immediate and direct interest to employees occupying the same status as the employee in the precedent benefit decision. Such an interpretation would require an act of judicial prestidigitation.
In determining the meaning and intent of the section, we employ a fundamental rule of statutory construction that where possible, the court should ascertain the legislative intent in order to effectuate the purpose of the law. Upon review of the available history of section 409.2, we conclude that plaintiff is, in fact, an interested person and/or an organization with standing to bring the action for declaratory relief. (Committee of the Rights of the Disabled v. Swoap (1975) 48 Cal. App.3d 505 [122 Cal. Rptr. 52]; Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)
The history of the present section 409.2 and its evolution reveals a contrary intent. The legislative analyst prepared an analysis of Assembly Bill No. 1638 (now Unemp. Ins. Code, § 409.2) prior to its adoption. It provides in part, "At present, any action of the Appeals Board is subject to judicial appeal by the claimant or any party representing him. This bill would broaden the authority to challenge the board's decision so that persons or organizations not directly involved with the case may seek judicial review." (Italics ours.) That analysis was prepared on August 20, 1975. Subsequent to that time and prior to the gubernatorial signing of the bill, Assemblyman Tom Bane, author of the measure, addressed himself to Governor Edmund G. Brown, Jr., urging support for the bill. His letter in part stated, "AB 1638 also provides that any interested person or organization may bring an action for declaratory relief as to the validity of any precedent decision. Standing to bring such an action for declaratory relief would be the same as in writs of mandamus *156 challenging administrative regulations. For all practical purposes, precedent benefit decisions are regulations and should be treated accordingly." These two documents dealing with the background and intent underlying the legislative enactment do not reveal a restrictive attitude toward the definition of interested persons or organizations, but disclose a departure from the then existing right of appeal limited only to the parties, their counsel, or the director.
The enactment as illuminated by the stated intent of the Legislature and its author intended to include any interested party who may be subject to any actual precedent benefit decision to have standing to seek in a judicial declaratory relief action a modification or overruling of that precedent benefit decision. As the court stated in Residents of Beverly Glen, Inc. v. City of Los Angeles, supra, 34 Cal. App.3d at page 122, "In recent years there has been a marked accommodation of formerly strict procedural requirements of standing to sue (Professional Fire Fighters, Inc. v. City of Los Angeles, 60 Cal.2d 276 [32 Cal. Rptr. 830, 384 P.2d 158]) and even of capacity to sue (Daniels v. Sanitarium Assn., Inc., 59 Cal.2d 602 [30 Cal. Rptr. 828, 381 P.2d 652]) where matters relating to the `social and economic realities of the present-day organization of society' (Daniels at p. 607) are concerned."
In Associated Boat Industries v. Marshal (1951) 104 Cal. App.2d 21 [230 P.2d 379], the court held that an association, suing on behalf of its members to secure a declaration as to the validity of certain administrative regulations, was not an interested person within the meaning of the declaratory relief statute there involved. (Gov. Code, § 11440.) We distinguish that case on the posture of its facts and those here presented. The decision in Associated Boat Industries was limited to the question of whether an incorporated trade association, whose members are subject to the regulations attacked but which itself is not subject to those regulations, is an interested person within the meaning of the statute. In the present instance, Pacific Legal Foundation, as a nonprofit California corporation and employer, is or could be subject to the effects of P-B-292.
The complaint identifies plaintiff Pacific Legal Foundation as a nonprofit, tax-exempt, public-interest law foundation, organized under the laws of the State of California and composed of residents of various cities and counties in the state who are employers of workers covered by state unemployment insurance. Further, as an employer, Pacific Legal *157 Foundation had 32 workers covered by the Unemployment Insurance Code and as such, they are required to contribute to the unemployment insurance fund. In that capacity, Pacific Legal Foundation and its members are interested parties as designated in Unemployment Insurance Code section 409.2. The pleading asserted that P-B-292 would, if permitted to stand, subvert the legislative intent expressed in Unemployment Insurance Code section 100[2] by increasing the number of eligible claimants for unemployment assistance resulting in an increase of employer contributions necessary to support the increased unemployment benefit payment.
(3) The granting of a motion for judgment on the pleadings is in essence a decision on the merits, and when used in a declaratory relief proceeding, the granting of the motion amounts to a declaratory judgment on the merits in favor of defendant. (Wilson v. Board of Retirement (1957) 156 Cal. App.2d 195, 201 [319 P.2d 426].) The court's minute order, in granting defendant's motion for judgment on the pleadings, indicated as follows, "The Court granted the motion on the basis the Plaintiff did not have any standing to file the suit." However, the formal judgment signed by the court stated, "The court finds that the complaint fails to state facts sufficient to constitute a cause of action." (4) The ambiguity in the court's ruling requires us to review the allegations of the complaint and decide in addition to the standing issue whether or not sufficient facts for a cause of action were alleged.
The underlying historical circumstances upon which plaintiff Pacific Legal Foundation asserted its alleged cause of action were not disputed. The claimant, seeking unemployment insurance benefits following a period of several months of employment, was asked by the Employment Development Department to seek farm work. He returned to his local *158 employment office in Marysville periodically for continuing eligibility interviews, and there indicated that he had checked three newspaper advertisements for caretaker work and had contacted an employment agency regarding that type of employment. His only attempt to seek farm labor consisted of one visit to the Marysville State Employment office. On this status, he was found ineligible for unemployment benefits by the Department, applying Unemployment Insurance Code sections 1253, subdivision (c), and 1253, subdivision (e). The claimant appealed the finding to an administrative law judge and was again found ineligible under section 1253, subdivision (c). His appeal to the Unemployment Insurance Appeals Board resulted in the precedent decision finding eligibility for benefits. Those basic facts were not disputed but were rather admitted by the answer allowed by California Unemployment Insurance Appeals Board. Thus, the questions raised by the complaint are basically questions of law. The questions of law presented are whether the claimant in P-B-292 was ineligible for unemployment benefits under Unemployment Insurance Code sections 1253, subdivision (c), and 1253, subdivision (e). The issues presented a justiciable controversy. Although the plaintiff on appeal has argued the merits of the issues framed by the pleading, we will not consider that aspect of the appeal, but will leave that decision for the trial court.
The judgment is reversed and the cause remanded for trial.
Reynoso, J., concurred.
REGAN, Acting P.J.
I dissent. Plaintiff asserts its right to bring the instant action for declaratory relief on the basis of allegations in the complaint which plaintiff argues establish it as an "interested organization" under Unemployment Insurance Code section 409.2. That section was enacted by the Legislature in 1975 (Stats. 1975, ch. 978, § 2) and it has neither been amended nor construed by any reported decision of an appellate court to our knowledge.
The cross-reference in section 409.2 of the Unemployment Insurance Code to those provisions of the Code of Civil Procedure having to do with declaratory relief is of utmost significance. Declaratory relief is a well-established equitable procedure recognized by statutes contained in the Code of Civil Procedure for many decades. These provisions now consist of sections 1060 through 1062a of that code. The key section is Code of Civil Procedure section 1060 which expressly recognizes the *159 long-standing equitable concept that the form of relief is available only to a person "interested" in specified types of legal actions or cases in which an "actual controversy" exists as to the rights and duties of the respective parties.
In an effort to show it is an "interested" person or organization with respect to Precedent Benefit Decision No. 292 (P-B-292), plaintiff alleged only the following in its complaint:
"5. a. Plaintiff Pacific Legal Foundation (hereinafter PLF) is a nonprofit, tax-exempt, public interest law foundation duly organized and existing under and by virtue of the laws of the State of California. PLF is composed of residents of various cities and counties in the State of California, many of whom are employers of workers covered by state unemployment insurance. As its primary purpose, PLF seeks to provide legal representation for the citizens of California, corporate or individual, and citizens of the United States of America on matters of public interest at all levels of the administrative and judicial process. PLF is primarily involved in, but not limited to, litigation concerning broad public interest issues in the areas of public welfare, land use, and environmental law. Policy for PLF is set by a seventeen-member Board of Trustees composed of concerned citizens who reside throughout the state. Ten of the seventeen-member PLF board are attorneys. The PLF board evaluates the merits of any contemplated legal action and authorizes such legal action only where the foundation's position has broad support within the general community. The PLF board has authorized this suit.
"b. As an employer, PLF has 32 workers covered by the Unemployment Insurance Code.
"c. PLF, and many of its members, contributors and supporters, as employers of workers covered by the Unemployment Insurance Code, are required by Unemployment Insurance Code § 901, et seq., to contribute to the Unemployment Insurance Fund. As such, PLF and its members, contributors and supporters are interested parties in this proceeding and will suffer great and irreparable injury by this decision of the Board if it is not reversed. The Board's decision in P-B-292 will subvert the Legislative intent expressed in Unemployment Insurance Code § 100, supra, and increase the number of eligible claimants for unemployment assistance. In these uncertain economic times, such a *160 decision has potential for vastly increasing the amount of unemployment assistance which is paid out and thus increasing the employer contributions which would be necessary to support these increased payments."
The above allegations fall short of the type of "interest" which the courts have traditionally required to be alleged and proved upon which to predicate an action for declaratory relief. The courts have long required that there be shown an "actual controversy" presently exists between the parties. (Stewart v. Stewart (1928) 204 Cal. 546, 557 [269 P. 439].) When the pleading ultimately amounts to a mere conjecture or even a supposition on the plaintiff's part that a controversy might arise in the future, it is insufficient (Merkley v. Merkley (1939) 12 Cal.2d 543, 547 [86 P.2d 89]; Burke v. City etc. of San Francisco (1968) 258 Cal. App.2d 32, 34 [65 Cal. Rptr. 539].)
We note an analogy between the language and concept of Unemployment Insurance Code section 409.2 and Government Code section 11440. The latter section provides that an "interested party" may use the declaratory relief procedure of the Code of Civil Procedure to obtain a judicial determination of the validity of a regulation adopted by a state agency. This section has been construed by the courts to require that while an "actual controversy" may be implied in certain cases without specific allegation or proof thereof, a plaintiff must be "directly affected" or be in clear peril of financial or other serious loss in the reasonably near future. (Sperry & Hutchinson Co. v. Cal. State Bd. of Pharmacy (1966) 241 Cal. App.2d 229, 233 [50 Cal. Rptr. 489]; Chas. L. Harney, Inc. v. Contractors' Bd. (1952) 39 Cal.2d 561, 564 [247 P.2d 913].) It has been held, also, that an incorporated trade association whose members are subject to the regulations being attacked, but which is not itself subject to them, is not an "interested person." To be such, there must be a direct, not "merely consequential," interest. (Associated Boat Industries v. Marshall (1951) 104 Cal. App.2d 21, 22 [230 P.2d 379].)
The language of Unemployment Insurance Code section 409.2 and Government Code section 11440 is so substantially identical it is logical to assume the Legislature had the same intent in mind in enacting each.[1] *161 This intent seems obviously to have been in each case simply to extend the benefits of the equitable declaratory relief procedure to cover administrative regulations and decisions of the Unemployment Insurance Appeals Board. Declaratory relief is not available merely because a complaint may involve a matter of rather broad general interest, and a plaintiff does not have "standing" if neither he nor those he represents have suffered or are about to suffer any injury of sufficient magnitude reasonable to assure that all relevant facts and issues will be adequately presented. (See Zetterberg v. State Dept. of Public Health (1974) 43 Cal. App.3d 657, 662 [118 Cal. Rptr. 100].)
PLF alleges, in part, that it is an employer of 32 workers covered by unemployment insurance and that the precedent decision of the board will result in more money being paid out in the future by the Unemployment Insurance Fund into which they pay their premiums. Plaintiff also asserts that some of its members, contributors and supporters (without naming any) are in the same position. On appeal it is contended these allegations made plaintiff foundation an "interested organization." The connection is too remote, too speculative. It amounts to no more than a conjecture or supposition that injury may occur and a controversy arise in the future. (See Burke v. City etc. of San Francisco, supra, 258 Cal. App.2d at p. 34.)
Plaintiff also contends it has "standing" to sue by means of the complaint it filed, by applying public interest litigation standards. The allegations in the complaint, while probably sufficient to allow plaintiff to apply to itself the appellation of "public interest law firm," are not sufficient to allege facts showing a general public interest is involved in the lawsuit. There is not, as claimed by plaintiff, any element of procuring the enforcement of a public duty or enforcing the public good and general welfare of the citizens of the state. (Cf. Residents of Beverly Glen, Inc. v. City of Los Angeles (1973) 34 Cal. App.3d 117, 122 [109 Cal. Rptr. 724]; Hollman v. Warren (1948) 32 Cal.2d 351, 356-357 [196 P.2d 562]; California Water & Telephone Co. v. County of Los Angeles (1967) 253 Cal. App.2d 16, 26 [61 Cal. Rptr. 618]; Unemp. Ins. Code, § 100.)
I find no merit in plaintiff's contention that plaintiff as a contributor to the Unemployment Insurance Fund has standing to bring this suit as a taxpayers' action. In the first place, the complaint is not formed as a taxpayer's suit. Moreover, plaintiff's posture is not that of a taxpayer in *162 this action in any event, since it is not seeking to enjoin the illegal expenditure of state tax funds. (Cf. Ahlgren v. Carr (1962) 209 Cal. App.2d 248, 253 [25 Cal. Rptr. 887].) Plaintiff seeks to have declared invalid a decision of the defendant board concerning the interpretation of a section of the Unemployment Insurance Code which has at best a most remote and nebulous connection with any likely increase in expenditure of state funds.
Both the employer and the employee make contributions to the Unemployment Fund. (Unemp. Ins. Code, §§ 976, 984.) Furthermore, each employer has its own reserve account and contributions are adjusted based upon the rating attributed to that employer and the employees there employed. (See Unemp. Ins. Code, §§ 976.5, 977, 982, 1025, 1026.)
Finally, there are no allegations contained in the complaint that would demonstrate a nexus between the contribution rates of the foundation and its members and the precedent benefit decision here being challenged.
In the absence of a showing of clear abuse of discretion, a trial court's determination as to whether an action for declaratory relief is proper will not be disturbed on appeal. (Bess v. Park (1955) 132 Cal. App.2d 49, 52 [281 P.2d 556]; Auberry Union School Dist. v. Rafferty (1964) 226 Cal. App.2d 599, 602 [38 Cal. Rptr. 223].) I find no such clear showing in plaintiff's arguments and agree with the trial court's conclusion at the end of the hearing on the motions for judgment on the pleadings, at which time the court stated that "the only interest which is shown on behalf of the Plaintiff is simply that of an employer." The court went on to add that a plaintiff must be affected in some other way than employers generally in order to have standing under section 409.2. If the Legislature had intended to allow any employer (or employee) to seek declaratory relief, it would have so provided, instead of requiring that the person or organization be an "interested" person or organization. Counsel for plaintiff conceded at oral argument that the Legislature had not chosen legislative language which would allow every employer (or employee) to challenge any precedent benefit decision of the board. I have examined the items of the legislative history of section 409.2, relied upon by plaintiff, and if these items were given weight as indicia of legislative intent, none leads to the conclusion plaintiff espouses, assuming, arguendo, that the section is ambiguous and is in need of such extrinsic *163 aids to the judicial interpretive process. The first item is an analysis of the bill in the 1975 legislative session (Assem. Bill No. 1638) under heading of the office of the Legislative Analyst, and stated, in part, that under existing law a decision by the board could be appealed by the claimant or any party representing him, but under the bill the authority to challenge the board's decision would be broadened so that persons or organizations "not directly involved with the case may seek judicial review." This begs the question of what is meant in the bill (now § 409.2) by the phrase "any interested person or organization." This has been dealt with above.
The letter to the Governor written by the bill's author, Assemblyman Tom Bane, when the bill had passed the Legislature and was before the Governor for his approval or veto, has only slight, if any, greater significance in signifying legislative intent to a court if confronted with an ambiguous statute than would the report of staff personnel in the Assembly office of research or the office of the Legislative Analyst. (See In re Marriage of Bouquet (1976) 16 Cal.3d 583, 589-590 [128 Cal. Rptr. 427, 546 P.2d 1371]; cf. Campbell v. Board of Dental Examiners (1975) 53 Cal. App.3d 283, 286, fn. 3 [125 Cal. Rptr. 694].) The letter states that the bill provides that "any interested person or organization may bring an action for declaratory relief as to the validity of any precedent decision." It went on to state that "[s]tanding to bring such an action for declaratory relief would be the same as in writs of mandamus challenging administrative regulations. For all practical purposes, benefit decisions are regulations and should be treated accordingly." This dissent treats and interprets section 409.2 in exactly the manner as envisioned by Assemblyman Bane. It uses existing and long-standing judicial authority applying to declaratory relief actions to review administrative regulations (Gov. Code, § 11440) as precedents. Assemblyman Bane's letter, were it to be used to demonstrate legislative intent, reinforces my interpretation arrived at by other means, rather than derogates from it.
I note further there are no allegations that as an employer, plaintiff or any of its members has the same or in any way similar types of employees as Thurman Carroll or that plaintiff or its members now or in the future will actually be subject to a controversy such as that involved in the Carroll decision of the board. At oral argument, counsel for plaintiff stated that several of its "members" had complained expressly to PLF about the benefit decision. These "members" are not identified anywhere in the pleadings or in briefing; nor did counsel identify them *164 at oral argument when opportunity was afforded. Who are they? What is their "interest," other than that of an employer?
I would affirm the order and judgment on the basis of lack of standing under Unemployment Insurance Code section 409.2. In so doing, I emphasize that the restriction or limitations of the traditional phrase "interested person or organization" as used by the Legislature and interpreted by this court, based upon precedent, must be interpreted in like manner as to any person or organization acting as, or on behalf of, either an employer or an employee.
Respondent's petition for a hearing by the Supreme Court was denied December 15, 1977. Bird, C.J., did not participate therein.
NOTES
[1] Unemployment Insurance Code section 409.2, enacted in 1975, reads as follows in its entirety: "Any interested person or organization may bring an action for declaratory relief in the superior court in accordance with the provisions of the Code of Civil Procedure to obtain a judicial declaration as to the validity of any precedent decision of the appeals board issued under Section 409 or 409.1."
[2] Unemployment Insurance Code section 100 provides in pertinent part:

"As a guide to the interpretation and application of this division the public policy of this State is declared as follows:
".....................
"The Legislature therefore declares that in its considered judgment the public good and the general welfare of the citizens of the State require the enactment of this measure under the police power of the State, for the compulsory setting aside of funds to be used for a system of unemployment insurance providing benefits for persons unemployed through no fault of their own, and to reduce involuntary unemployment and the suffering caused thereby to a minimum.
"It is the intent of the Legislature that unemployed persons claiming unemployment insurance benefits shall be required to make all reasonable effort to secure employment on their own behalf."
[1] The term "interested party" or person "having an interest" has long been a legislative term of art with established meaning in various statutes providing for intervention or declaratory relief. (See, e.g., Code Civ. Proc., § 387; Prob. Code, §§ 370, 380.) Such a person must have "a direct and not a merely consequential interest...." (Associated Boat Industries v. Marshall, supra, 104 Cal. App.2d at p. 22; see also. 15 Hastings L.J. 275-278; 30 Cal.L.Rev. 478-482.)