Filed 11/23/22  Bernett v. Rubin CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| BRAD BERNETT, | B313680 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV34577) |
| v. | |
| ADAM RUBIN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge. Affirmed.

Law Firm of Harold Greenberg, Harold Greenberg, Jenifer Anisman; Law Offices of Robert L. Bastian, Jr., and Robert L. Bastian, Jr., for Plaintiff and Appellant.

McGarrigle, Kenney & Zampiello, Patrick C. McGarrigle and Michael J. Kenney for Defendant and Respondent.

Plaintiff and appellant Brad Bernett (plaintiff) appeals from the judgment of dismissal entered favor of defendant and respondent Adam Rubin (defendant) in this action for breach of contract. The judgment was entered pursuant to previous court orders (1) confirming an arbitration award dismissing defendant from a binding arbitration concerning alleged breach of the same contract at issue in this action and (2) sustaining, without leave to amend, defendant's demurrer to the complaint.

We affirm the judgment.

## BACKGROUND

In June 2019, plaintiff filed a demand for arbitration against defendant and Andrew Shanfeld (Shanfield) pursuant an arbitration provision in a home improvement contract (the HIC) entered into by Shanfield and Snow Construction, Inc. (Snow). The arbitration provision states in relevant part:

> "Any controversy or claim arising out of or related to this contract, or breach thereof, shall be settled by binding arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. . . . [¶] NOTICE: By initialing in the space below you are agreeing to have any dispute arising out of the matters included in the 'Arbitration of disputes' provision decided by neutral Arbitration as provided by California law and you are giving up any rights you might possess to have the dispute litigated in a court or jury trial. . . ."

The arbitration provision was initialed by Snow and Shanfield. Plaintiff asserted rights under the HIC as the

2

assignee of Snow's rights thereunder in a written assignment dated June 18, 2019.

The arbitration proceeded before American Arbitration Association arbitrator Wesley Davis. After a July 14, 2020 arbitration hearing, the arbitrator issued an award dismissing defendant from plaintiff's arbitration demand and claim. The July 21, 2020 arbitration award states in relevant part: "The Arbitrator has treated [defendant's] Motion as a Motion for Judgment on the Pleadings. The Arbitrator explained that his authority comes from the contract terms. The Parties to the contract are stated in the contract and those are the parties that the Arbitrator has Jurisdiction over unless a party stipulated to be bound by the arbitration. [¶] . . . Adam Rubin was not a party to the contract and by this motion he is not stipulating to be bound by the arbitration . . . .[1] Respondent Adam Rubin is hereby awarded a judgment of dismissal from Claimants' Arbitration Demand and claim." Plaintiff did not petition to vacate or correct the arbitration award.

On September 10, 2020, plaintiff commenced this action against defendant and Carolwood for breach of the HIC. Defendant demurred to the complaint and filed a motion to confirm the arbitration award entered in his favor. On February 11, 2021, the trial court granted defendant's motion to confirm the arbitration award. On March 22, 2021, the trial court

---

1 The arbitrator also rejected plaintiff's argument that defendant was bound by the terms of the HIC as the alter ego of Carolwood Hollywood III, LLC (Carolwood), an entity allegedly owned or controlled in part by defendant. The arbitrator found that there was no evidence of alter ego liability and that Carolwood was a nonparty to the HIC.

3

granted, without leave to amend, defendant's demurrer to the complaint. On April 21, 2021, the trial court entered a judgment of dismissal in defendant's favor and against plaintiff and confirming the arbitration award in defendant's favor against plaintiff.

This appeal followed.

## DISCUSSION

### I. Applicable law and standard of review

Judicial review of a judgment confirming an arbitration award is limited. "[A]rbitral finality is a core component of the parties' agreement to submit to arbitration." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10.) An arbitrator's decision cannot be judicially reviewed for errors of fact or law even if the error is apparent and causes substantial injustice. (*Id.* at p. 11.) "'As a consequence, arbitration awards are generally immune from judicial review.'" (*Ibid.*)

In an appeal from a judgment confirming an arbitration award, an appellate court may not "'review the merits of the dispute, the sufficiency of the evidence, or the arbitrator's reasoning, nor may we correct or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face. Instead, we restrict our review to whether the award should be vacated under the grounds listed in [Code of Civil Procedure] section 1286.2.'"[2] (*EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063-1064.)

---

[2] All further statutory references are to the Code of Civil Procedure unless stated otherwise.

4

Under section 1286.2 a reviewing court may vacate an arbitration award only on certain specified grounds. One ground allows a court to vacate an award if it was procured by fraud or improper means. (§ 1286.2, subd. (a)(1).) The remaining grounds allow vacation of an award for arbitrator wrongdoing. (§ 1286.2, subd. (a)(2)-(6); *State Farm Mut. Auto. Ins. Co. v. Robinson* (2022) 76 Cal.App.5th 276, 282-283.)

## II. No grounds for vacating the arbitration award or reversing the judgment confirming the award

Plaintiff cites none of the grounds set forth in section 1286.2 as a basis for vacating the arbitration award or reversing the judgment confirming the award. Rather, he erroneously claims the award does not preclude him from suing defendant on the HIC because the arbitrator dismissed defendant from the arbitration for lack of jurisdiction. The record indicates, however, that defendant appeared and participated in the arbitration and that the arbitrator's award of dismissal was an adjudication on the merits. In the words of the arbitrator, the award grants a motion for judgment on the pleadings. (See *Pacific Legal Foundation v. Unemployment Ins. Appeals Bd*. (1977) 74 Cal.App.3d 150, 157 [granting motion for judgment on the pleadings is in essence a decision on the merits].) A confirmed arbitration award has "the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification." (§ 1287.4.) We therefore reject plaintiff's arguments that the doctrines of res judicata or collateral estoppel do not apply to preclude him from litigating his breach of contract claim against defendant.

The arbitration award states that the arbitrator has jurisdiction to bind only parties to the HIC or those who stipulate

5

to be bound. The award further states that defendant was dismissed as a nonparty to the HIC who did not stipulate to be bound by the arbitration. Plaintiff, on the other hand, by demanding arbitration, asserted rights as a party to the HIC and stipulated to be bound by the arbitration. The arbitration award accordingly is binding against him.

## DISPOSITION

The judgment is affirmed. Defendant shall recover his costs on appeal.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.

6